73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Thomas S. GABHART, Plaintiff-Appellant,
v.
CRAVEN REGIONAL MEDICAL CENTER, Defendant-Appellee.
 No. 94-2114.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1995.
Decided Dec. 28, 1995.
 
 Jeffrey Stephen Miller, Jacksonville, North Carolina, for Appellant.
 David S. Henderson, New Bern, North Carolina, for Appellee.
 Before NIEMEYER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal stems from a dispute between Thomas S. Gabhart and his former employer, Craven Regional Medical Center ("CRMC"), concerning Gabhart's termination. This is the third action Gabhart has filed contending that he was wrongfully discharged in retaliation for his truthful testimony at a grievance hearing concerning another employee. The previous two actions were filed in North Carolina state court and voluntarily dismissed pursuant to N.C. Gen.Stat. Sec. 1A-1, Rule 41(a) (1990) ("N.C. Rule 41(a)"). In the present suit, the district court granted summary judgment to CRMC, holding that res judicata barred the action. Gabhart appealed, and we affirm.
 
 
 2
 Federal Rule Civil Procedure 41(a)(1) provides that a "notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." This is known as the "two-dismissal rule." However the two dismissal rule generally does not apply in federal cases if the second dismissal was in a state court. Manning v. South Carolina Dep't of Highway & Pub. Transp., 914 F.2d 44, 47 n. 5 (4th Cir.1990).
 
 
 3
 Under such circumstances, the case is governed by the principles of res judicata. Therefore, when the second dismissal occurred in state court, the two dismissal rule applies only if the state has a two dismissal rule, and that state would treat the second dismissal as a dismissal with prejudice. Id. In this case, it is undisputed that Gabhart's first and third actions are identical. Therefore, if the second suit was dismissed with prejudice, because the first and second actions were based on the same claim, the present (third) action is barred by res judicata.
 
 
 4
 North Carolina's two dismissal rule is identical in relevant part to the federal rule. N.C. Rule 41(a). Therefore, under North Carolina law, where the same claims have been presented in two successive lawsuits, the two dismissal rule applies and the second dismissal constitutes a dismissal with prejudice. There are two elements to the two dismissal rule: (1) plaintiff must have filed the notices to dismiss under N.C. Rule 41(a)(1), and (2) the second suit must have been "based on or including the same claim" as the first suit. Raleigh v. College Campus Apts., Inc., 380 S.E.2d 163, 165 (N.C.Ct.App.1989), aff'd, 388 S.E.2d 768 (N.C.1990).
 
 
 5
 In this case, both of Gabhart's dismissals were occasioned by his filing of N.C. Rule 41(a)(1) notices of dismissals. The question then is whether the same claims were involved.
 
 
 6
 Gabhart asserts that, in his first two actions, he proceeded on distinct legal theories. According to Gabhart, his first complaint was grounded in contract law, while the second claim sounded in tort. Under North Carolina law, the test for determining whether claims are the same is whether, in alleging the first action, the plaintiff "in effect or otherwise" also alleged the cause of action underlying the second complaint. See Stanford v. Owens, 332 S.E.2d 730, 733 (N.C.Ct.App.), review denied, 336 S.E.2d 402 (N.C.1985). We hold that, under this test, Gabhart's contentions in the first and second action were based on the same claim.
 
 
 7
 In his first complaint Gabhart alleged that, after testifying about a certain employee's performance, he was informed by the manager of CRMC that management was upset about his testimony. Five days later, a Vice President terminated Gabhart's employment "in retaliation for plaintiff's truthful testimony at the employee inquiry initiated by the defendant."
 
 
 8
 In his second complaint, Gabhart alleged that a Vice President told the President and another Vice President about Gabhart's testimony and that they were "greatly angered." Allegedly, management, in retaliation for this testimony, then terminated Gabhart's employment with CRMC.
 
 
 9
 Therefore, in both actions, Gabhart alleged that CRMC management discussed his testimony and were angry and upset. Then, in retaliation, a member or members of CRMC management wrongfully terminated his employment. While the second complaint alleges conspiracy and tortious interference with contract, the underlying facts of these claims are necessary to the success of the first complaint, namely, that management discussed his testimony and decided to fire him on that basis. Thus, because the two actions are fundamentally the same, they are the same claim for purposes of N.C. Rule 41(a). Stanford, 332 S.E.2d at 733.
 
 
 10
 Next, Gabhart contends that the two dismissal rule does not apply unless the defendants were the same or in privity in both actions. Gabhart asserts that the statute should not apply in this case because the dismissals were not taken against the same defendant. In the first suit, CRMC was the sole defendant, while in the second suit, three officers and employees of CRMC were the named defendants.
 
 
 11
 However, N.C. Rule 41(a) does not include any requirement that both actions be against the same defendant. North Carolina courts have interpreted this omission as indicating that no such qualification was intended. Raleigh, 380 S.E.2d at 165-66. Therefore, the requirements of the North Carolina "two dismissal" rule are met.
 
 
 12
 Thus, we find that the district court did not err in dismissing Gabhart's action as barred by res judicata. We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.