Constance Ann MARTIN, Personal Representative of the Estate of Kirk William Martin, Deceased; and William Harold Martin, Plaintiffs–Appellants,

v.

Joseph L. LABELLE; Charles E. Bush; and John P. Parker, Defendants–Appellees.

No. 00–1157.

United States Court of Appeals, Sixth Circuit.

March 27, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, Constance Ann Martin, as personal representative of the estate of Kirk William Martin, and William Harold Martin ("plaintiffs"), appeal the district court's decision granting summary judgment to defendants-appellees, Joseph L. LaBelle, Charles E. Bush, and John P. Parker ("defendants"), in these consolidated civil rights actions, as well as the district court's award of sanctions against plaintiffs' counsel. For the following reasons, we affirm.

I

This case arises out of an incident on August 31, 1996, in which defendant Joseph LaBelle, a Michigan State Trooper, shot and killed plaintiffs' decedent, Kirk William Martin, a fleeing suspect in an armed robbery. According to the undisputed facts, Martin emerged from his car and pointed an assault weapon at LaBelle.

Plaintiffs filed three actions that are now consolidated. The first, Case No. 98–10194–BC, is a 42 U.S.C. § 1983 wrongful death claim filed by plaintiffs against defendant LaBelle. The case was filed in St. Clair County Circuit Court and removed by LaBelle to federal court. The second, Case No. 98–10228, involves the same parties and is a claim for declaratory relief arising out of the shooting involved in the wrongful death claim. The third, Case No. 98–10229, is a claim under 42 U.S.C. § 1983 on behalf of Martin's parents alleging intentional infliction of emotional distress against LaBelle as a result of the shooting and because of the amount of time Martin's body remained in a ditch after the shooting. This claim was also brought against defendants Bush and Parker, Michigan State Police supervisors who spoke with Martin's parents after the shooting, on the basis of Bush's having stated that troopers are trained to "shoot to kill" and to aim for the center of the mass of the body and Parker's having "nodded approvingly."

## II

Prior to the district court's judgment, a magistrate judge's report and recommendation was issued recommending that summary judgment be granted to defendants. At the conclusion of the report and recommendation, the parties were instructed that they had ten days to object and seek review of the report and recommendation and that failure to file specific objections would constitute a waiver of any further right of appeal.

Plaintiffs' objections to the magistrate judge's report and recommendation were summary in nature, providing general legal standards and conclusory statements that plaintiffs met those standards or that the magistrate judge erred in his recommendations. Plaintiffs failed even to attempt to identify facts relating to the shooting of Kirk William Martin that would establish a genuine issue of material fact as to legal liability. In addition, plaintiffs did not cite legal authority to support their claims that defendants committed constitutional violations. Finally, plaintiffs did not contest the existence of, or circumstances leading to, the state court judgment that the magistrate judge relied upon in concluding that plaintiffs' claims against LaBelle should be dismissed on the basis of collateral estoppel and res judicata.

■■■ After the issuance of a magistrate judge's report and recommendation, an objecting party must "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). Otherwise a party waives subsequent review by the district court and appeal to this court. *See ibid.* This court has stated that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Ibid.* Quoting this court in *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), the district court concluded that plaintiffs' objections constituted a "general objection to the entirety of the magistrate's report," which "has the same effects as would a failure to object." The district court did not err in its conclusion. Plaintiffs' general objections to the magistrate judge's report and recommendation are insufficient to preserve these issues for review on appeal.

## III

Even if we looked to the merits of plaintiffs' claims as briefed, these claims must fail.

## A

Plaintiffs claim that LaBelle's shooting of Martin constituted an unreasonable seizure in violation of the Fourth Amendment and intentional infliction of emotional distress on Martin's parents. Plaintiffs previously brought the intentional infliction of emotional distress claim in an action they filed in state court, separate from plaintiffs' three cases in federal court that are now consolidated and form the basis for this appeal. Plaintiffs' state court claim was originally filed in St. Clair County Circuit Court and later transferred to Saginaw County Circuit Court pursuant to a motion by LaBelle to change venue. The case was involuntarily dismissed on the basis that plaintiffs had not paid the required costs and filing fees within 56 days of the transfer, as mandated by the order changing venue and MCR 2.223(B)(1) and (2).

 A federal court must give a state court judgment the same preclusive effect that the judgment would be given by the courts of the rendering state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Vinson v. Campbell County Fiscal Court,* 820 F.2d 194, 197 (6th Cir.1987). Furthermore, this court has made clear that, "[t]his principle applies to civil rights actions under Section 1983 with respect to issues actually litigated (collateral estoppel or issue preclusion) and issues which could have been but were not litigated in the state court proceeding (res judicata or claim preclusion)." *Vinson,* 820 F.2d at 197. Plaintiffs' state court claim against LaBelle was involuntarily dismissed. Under Michigan court rules, an involuntary dismissal is an adjudication on the merits. MCR 2.504(B)(3). Since this court must give the judgment the same preclusive effect to that judgment as would the courts of Michigan, all of plaintiffs' claims against LaBelle are barred. Plaintiffs' intentional infliction of emotional distress claim against LaBelle is barred on the basis of the doctrine of collateral estoppel or issue preclusion since the issue was already litigated and decided in the state court action that was involuntarily dismissed. Plaintiffs' remaining claims against LaBelle arising out of Martin's death are barred on the basis of the doctrine of res judicata or claim preclusion since the claims should have been brought in plaintiffs' state court action.

## B

 Plaintiffs also brought claims against defendants Bush and Parker under 42 U.S.C. § 1983 for intentional infliction of emotional distress on the basis of Bush's statement to Martin's parents that troopers are trained to "shoot to kill" and to aim for the center of the mass of the body and Parker's having "nodded approvingly." Plaintiffs' allegations against Bush and Parker fail on the basis that plaintiffs have not demonstrated the denial of a federal right, privilege, or immunity for purposes of stating a claim under Section 1983. Although Bush's statement and Parker's nodding may have made plaintiffs uncomfortable or upset, these actions did not violate plaintiffs' constitutional rights.

 Although it appears that plaintiffs' claim was brought solely as an action under Section 1983, even if the claim is construed as being brought under Michigan state law, it fails. In order to bring a claim for intentional infliction of emotional distress under Michigan law, plaintiffs must establish that the conduct of Bush and Parker was "extreme and outrageous." *Haverbush v. Powelson,* 217 Mich.App. 228, 551 N.W.2d 206, 209 (Mich.Ct.App. 1996). The actions of Bush and Parker in explaining how state troopers are trained to do their jobs does not rise to the level of extreme and outrageous conduct.

496

## IV

Plaintiffs also appeal the denial of their motion to disqualify the magistrate judge reviewing this case. Plaintiffs' motion was based on the magistrate judge's issuance of an order directing that a dispositive motion be filed on behalf of defendants based on the content of defendants' answers and affirmative defenses, since they involved threshold legal issues which the Supreme Court has ordered be resolved before discovery takes place in qualified immunity cases. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir.1988). This is not a sufficient basis for a motion to disqualify. A motion to disqualify pursuant to 28 U.S.C. § 455 must be based on extra-judicial, rather than judicial, conduct. *See City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir.1980).

## V

A district court's award of sanctions under FED. R. CIV. P. 26(g)(3) is reviewed for abuse of discretion. *See Perkins v. General Motors Corp.*, 965 F.2d 597, 602 (8th Cir.1992).

Defendants denied that plaintiffs stated a cause of action in their answers to the three complaints plaintiffs filed in this case. In 1998, plaintiffs' counsel submitted requests for defendants to admit that two of the three complaints filed on behalf of plaintiffs stated a cause of action. After defendants filed their dispositive motion in July 1999, arguing that none of plaintiffs' allegations stated a cause of action, plaintiffs again filed requests to admit, most of which simply restated the requests to admit to which defendants had already responded. Defendants filed a motion for sanctions. Although the magistrate judge recommended that the motion be denied as moot, the district court found that the refiling of requests to which defendants had already responded violated FED R. CIV. P. 26(g)(2)(A) and 26(g)(3). The district court ordered plaintiffs' counsel to pay $300 in attorneys' fees to defendants for having had to respond to the requests and having had to file a motion for a protective order.

The district court did not abuse its discretion in ordering sanctions against plaintiffs' counsel. Requiring defendants to respond to requests to admit to which defendants previously responded and objected was unreasonable, unnecessary, and unduly burdensome. FED R. CIV. P. 26(g)(2)(A) and 26(g)(3). In such a situation, bad faith of counsel is not a necessary element before sanctions can be awarded under Rule 26(g). *See In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991).

## VI

For the foregoing reasons, the judgment of the district court is AFFIRMED.