*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0340P (6th Cir.)
File Name: 03a0340p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

STEWART BANKS; BAMBI
MOTEL, INC.; RICHARD H.
TURNER; P.T. PROPERTIES,
INC.,
  *Plaintiffs-Appellants,*

    *v.*

CITY OF WHITEHALL; DENNIS
J. FENNESSEY; JOHN WOLF;
CHARLES D. UNDERWOOD;
CATHY CRANDALL; TIM
TILTON,
  *Defendants-Appellees.*

No. 01-4155

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-01082—James L. Graham, District Judge.

Argued: August 7, 2003

Decided and Filed: September 24, 2003

Before: BATCHELDER and ROGERS, Circuit Judges;
RUSSELL, District Judge.*

_____

**COUNSEL**

**ARGUED:** Ronald B. Noga, WELTMAN, WEINBERG &
REIS, Columbus, Ohio, for Appellants. Steven Lee Smith,
SMITH & COLNER, Columbus, Ohio, for Appellees.
**ON BRIEF:** Ronald B. Noga, WELTMAN, WEINBERG &
REIS, Columbus, Ohio, for Appellants. Steven Lee Smith,
SMITH & COLNER, Columbus, Ohio, for Appellees.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Circuit Judge. The plaintiffs
appeal the district court's order granting summary judgment
to the defendants in this action brought pursuant to 42 U.S.C.
§ 1983, claiming that the defendants, in the course of strictly
enforcing local building and fire codes in the city, took the
plaintiffs' property for public use without just compensation
and enforced the law selectively in violation of the Fifth and
Fourteenth Amendments. The district court granted the
defendants' motion for summary judgment on several
alternative grounds. First, that the plaintiffs' claims are
barred by a two-year statute of limitations; second, that their
claims are barred by both claim preclusion and issue
preclusion; third, that their inverse condemnation and takings
claims are not ripe for review pursuant to principles set forth
in *Williamson County Regional Planning Commission v.
Hamilton Bank of Johnson City*, 473 U.S. 172 (1985); fourth,

_____

*The Honorable Thomas B. Russell, United States District Judge for
the Western District of Kentucky, sitting by designation.

that the individual defendants are entitled to immunity; and finally, that all of their claims are without merit.

The plaintiffs do not challenge the district court's holding that their takings and inverse condemnation claims are not ripe, and we need not address those claims on appeal. *Ewolski v. City of Brunswick*, 287 F.3d 492, 516-17 (6th Cir. 2002). Because we conclude that the remaining claims are all barred by the applicable statute of limitations, we affirm the judgment of the district court without reaching the alternative bases of the district court's ruling.

### Factual Background

The plaintiffs in this action are the Bambi Motel, Inc. and its owner, Stewart Banks, and P.T. Properties, Inc. and Richard Turner, the owner and operator, respectively, of Robinwood Trailer Park and two other commercial buildings. All of these properties are located in the City of Whitehall, Ohio. The allegations in this § 1983 action have their genesis in the city's campaign of strict enforcement of its fire and building codes in order to force certain businesses that were in violation of those codes to shut down, either until the violations could be remedied, or permanently. The Bambi Motel, Robinwood Trailer Park and the P.T. Properties commercial buildings were targets of this campaign.

The City filed an action in the Environmental Division of the Municipal Court in Franklin County, Ohio, on November 22, 1995, against Banks and the Bambi Motel, alleging numerous building code, fire code and licensing law violations, as well as seeking an injunction to abate a public nuisance allegedly resulting from drug trafficking, prostitution and other criminal activity occurring at the motel. On April 10, 1996, Banks and the Bambi Motel stipulated to a permanent injunction, based on stipulated findings of violations of the law, requiring that by July 9, 1996, Banks would have either (1) razed the structures comprising the motel or contracted to have it razed, or (2) sold the property

or entered into a binding contract with a real estate broker in a good faith effort to sell the property. The stipulated injunction required that on July 9, 1996, if the structures comprising the motel were still standing, they would be closed pending demolition or sale. Eventually, after two contempt motions and several hearings, the court found that Banks and the motel were in contempt and ordered the motel razed. The appellate court held that Banks and the motel were bound by their stipulations, and the motel was then demolished.

After finding the Robinwood Trailer Park and one of the P.T. Properties buildings in violation of various code provisions, the City filed an action against Turner and P.T. Properties on November 22, 1996, in the Environmental Division of the Franklin County Municipal Court, seeking to close the trailer park and to demolish the building. Turner made the repairs necessary to bring both properties into compliance, and, on August 29, 1997, the action was dismissed.

The plaintiffs filed this action in the district court on October 18, 1999, against the City of Whitehall and various of its officials, in their official and individual capacities, complaining that their actions had been undertaken in an effort to drive the plaintiffs out of business; that these actions constituted inverse condemnation and takings without just compensation; that the defendants had selectively enforced the building and fire codes against these plaintiffs and thereby worked a taking without just compensation and a violation of the Equal Protection Clause of the Fourteenth Amendment; and that the plaintiffs were entitled to injunctive relief. The district court granted summary judgment to the defendants, and this timely appeal followed.

### Analysis

We review de novo the district court's holding that the plaintiffs' claims were filed outside of the applicable statute

of limitations.  *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999).

In this appeal, the plaintiffs do not contend that they filed this section 1983 action within two years of the defendants' allegedly unconstitutional conduct.  The plaintiffs' sole argument pertaining to the statute of limitations is that "*Browning v. Pendleton*, . . . which establishes a two-year (2) statute of limitations for 42 USC § 1983 claims is contrary to Ohio law and should be overruled with respect to § 1983 claims arising in Ohio."  The plaintiffs have no legal basis whatsoever for advancing this argument in this court.

In 1985, the Supreme Court held that section 1983 claims were best characterized as tort actions for the recovery of damages for personal injuries and federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985).  Four years later, in *Owens v. Okure*, 488 U.S. 235 (1989), the Supreme Court refined its *Wilson* holding, and declared that in a state with more than one statute of limitations for personal injury actions, the state's residual or general statute of limitations governing personal injury actions is to be applied to all section 1983 actions brought in that state.  *Id.* at 249-50.  The ink was hardly dry on *Okure* when this circuit, sitting en banc, decided *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989).  Noting that in *Okure*, the Supreme Court had "unanimously held that when a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations," *id.* at 991, we held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual."  *Id.* at 992.

Not only did we determine en banc in *Browning* that a two-year statute of limitations applies to section 1983 actions, but in two later cases, *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995), and *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519-20 (6th Cir. 1997), we squarely rejected attempts to get around *Browning*.  As we noted in *LRL Properties*, "[i]t is the well-settled law of this Circuit that '[a] panel of this Court cannot overrule the decision of another panel.  The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'"  55 F.3d at 1105 n.2 (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).  There is no such inconsistent decision of either the Supreme Court or this court.

The plaintiffs' brief includes in its statement of facts—although not as a distinct legal argument—the claim that a recent deposition of one of the defendants in this case, taken in an unrelated lawsuit, brought to light evidence that the City's actions were designed to take the plaintiffs' property "without Due Process or Just Compensation to facilitate the redevelopment of East Main Street for the political and personal advancement of the individual Defendants," and upon discovery of this evidence, the plaintiffs were left with no vehicle to redress these constitutional violations except this section 1983 action.  Such a discovery, if true, might enable the plaintiffs to avoid the application of the statute of limitations to bar their claims.  But we find no evidence in this record that the plaintiffs' claim is true.  We have thoroughly reviewed the record, including the portions of the deposition that supposedly produced "new" evidence, as well as newspaper accounts from the mid-1990s that contained as much inculpatory evidence as the deposition, and we conclude that the deposition did not alert the plaintiffs to any evidence that they could not have easily discovered prior to the expiration of the statute of limitations.

We think it is prudent, however, in light of this allegation, to note briefly that even if the record contained some indication that the plaintiffs could not have discovered this evidence sooner, there is no basis whatever for their claim that their substantive due process rights were violated when the defendants rigorously enforced Whitehall's building and fire codes in a specific area of town in order to shut down businesses around which drug dealers and prostitutes often congregated. The plaintiffs argue that there is a so-called "middle ground" protected by substantive due process wherein the government cannot act arbitrarily or capriciously with respect to property even if its actions do not rise to the level of a taking. They pursue this argument notwithstanding their admission that Stewart Banks and the Bambi Motel voluntarily entered into an order before the state environmental court admitting to the existence of various code violations and agreeing to take specified remedial measures, and Richard Turner and P.T. Properties, Inc. made necessary repairs to their facilities, which enabled Whitehall to lift its condemnation order and dismiss any pending legal actions against them.

As an initial matter, we note that the Fifth Amendment, and not substantive due process, is the basis upon which a plaintiff may challenge the government's actions with respect to his property: "*Graham v. Connor*, 490 U.S. 386, 395 (1989), precludes the use of substantive due process analysis when a more specific constitutional provision governs." *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 123 S. Ct. 1389, 1397 (2003) (Scalia, J., concurring) (internal quotations omitted). Moreover, to the extent that the plaintiffs attempt to avoid the dictates of *Graham* by claiming that their challenge is not to the "quasi-taking" of their property but is instead to the conduct of Whitehall officials—namely, the rigorous and allegedly selective enforcement of city regulations with the purpose of shutting down businesses suspected of contributing to a culture of crime—that challenge is wholly without foundation. There exists no "fundamental" right in our legal system to violate a municipality's codes and

regulations with impunity, and the conduct of Whitehall officials in enforcing those codes and regulations was neither "arbitrary" nor "conscience-shocking" in the constitutional sense. *See Bowers v. City of Flint*, 325 F.3d 758 (6th Cir. 2003) (majority and concurring opinions). In fact, the government regularly uses the civil law to address problems that it could, perhaps more directly, address with the criminal law. *See, e.g.*, 21 U.S.C. § 881 (authorizing civil forfeiture proceedings against property acquired in or associated with the illegal drug trade). Finally, the plaintiffs cannot prevail on a claim of selective enforcement because they have not shown that they "belong[] to an identifiable group, such as . . . a particular race or religion, or a group exercising constitutional rights," and who were targeted for law enforcement action as a result of that group status. *Gardenhire v. Schubert*, 205 F.3d 303, 318-19 (6th Cir. 2000).

None of the defendants' actions which the plaintiffs complain of occurred within two years of the filing of this lawsuit, nor were the plaintiffs prevented from timely discovering any actions of the defendants that could conceivably be redressed by a lawsuit brought under section 1983. Because this action is wholly barred by the applicable statute of limitations, we need not reach any of the alternative bases upon which the district court granted summary judgment to the defendants.

The judgment of the district court is AFFIRMED.