**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0429n.06

No. 10-3769

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 18, 2012*

LEONARD GREEN, Clerk

KEN DEMSEY, )
)
    **Plaintiff-Appellant,** )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) NORTHERN DISTRICT OF OHIO
NANCY DEMSEY, )
)
    **Defendant-Appellee.** )
_____ )

Before: **MERRITT and MOORE, Circuit Judges; and MAYS, Distict Judge.**[*]

**MAYS, District Judge.** Plaintiff-Appellant Kenneth Demsey ("Ken Demsey") appeals the

order of the district court dismissing his complaint against Nancy Demsey ("Nancy Demsey"). In

the complaint, Ken Demsey seeks relief under 42 U.S.C. § 1983 for personal injury, humiliation, and

mental and emotional distress. Ken Demsey was arrested on May 11, 2005, after his sister, Nancy

Demsey, called the Parma City Police Department in response to a domestic dispute. Ken Demsey

later pled no contest to criminal charges. He filed two successive suits against his sister in Ohio state

court alleging, inter alia, abuse of process and intentional infliction of emotional distress. Both were

dismissed voluntarily, and Ken Demsey filed in the United States District Court for the Northern

District of Ohio, alleging violation of § 1983. That suit was dismissed sua sponte by the district

court because Ken Demsey did not perfect service within 120 days. He then filed the present suit,

_____

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District
of Tennessee, sitting by designation.

his fourth. The district court dismissed under the "double dismissal rule," which provides that two voluntary dismissals of a case by a plaintiff constitute a dismissal on the merits. Ken Demsey contends that the district court erred in applying the double dismissal rule. *See* FED. R. CIV. P. 41(a)(1)(B) and OHIO R. CIV. P. 41(a)(1).

## I. BACKGROUND

On May 11, 2005, Nancy Demsey called the Parma City Police Department in response to a domestic dispute with her brother, Ken Demsey. (Compl. in *Demsey IV* ¶ 1, ECF No. 1.)[1] As a result, Ken Demsey was arrested and filed his first suit against Nancy Demsey, *Demsey I*, in the Cuyahoga County Court of Common Pleas, Case No. CV-6-602999, on October 2, 2006. Ken Demsey alleged two state law claims, abuse of process and negligent/intentional infliction of emotional distress. (Compl. in *Demsey I*, ECF No. 18-2.) Ken Demsey voluntarily dismissed *Demsey I* without prejudice on July 6, 2007. (Journal Entry in *Demsey I*, ECF No. 18-3.)

On November 13, 2007, Ken Demsey refiled his complaint in the Cuyahoga County Court of Common Pleas, No. CV-07-641553, *Demsey II*. (Compl. in *Demsey II*, ECF No. 18-5.) Ken Demsey alleged the same two state law claims, abuse of process and negligent/intentional infliction of emotional distress. (*Id.* 3-4.) He voluntarily dismissed *Demsey II* on May 27, 2008. (Journal Entry in *Demsey II*, ECF No. 18-6.)

---

[1]Because there are four separate cases styled *Demsey v. Demsey*, we refer to them as *Demsey I*, *Demsey II*, *Demsey III*, and *Demsey IV*, based on the order in which they were filed. All ECF numbers are taken from the district court docket for *Demsey IV*.

On June 30, 2008, Ken Demsey filed a third complaint, based on the same transaction or occurrence, in the Northern District of Ohio, case number 1:08-CV-01571, *Demsey III*. (Compl. in *Dempsey III*, ECF No. 18-7.) Like his complaints in state court, it alleged that he was falsely arrested and suffered physical injury, humiliation, and emotional distress. (*Compare* Compl. in *Dempsey III* ¶¶ 1-5 *with* Compl. in *Dempsey I* ¶ 1-5.) Unlike Ken Demsey's state court proceedings, in *Demsey III* he sought damages against Nancy Demsey under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). (Compl. in *Demsey III* ¶ 7.) The complaint alleged that Ken Demsey was damaged "by the actions of [Nancy Demsey] in conspiracy and in conjunction with the Parma City Police." (*Id.* ¶ 6.) On December 23, 2008, the district court sua sponte dismissed *Demsey III* pursuant to Federal Rule of Civil Procedure 4(m), because Ken Demsey had failed to serve Nancy Demsey within 120 days of filing his third complaint. (Order in *Demsey III*, ECF No. 18-8.)

On March 6, 2009, Ken Demsey filed *Demsey IV*. (Compl. in *Demsey IV*.) He alleges that Nancy Demsey "deliberately and without probable cause made a groundless and fraudulent complaint against the Plaintiff in the Municipal Court of Parma, Ohio," (Compl. in *Demsey IV* ¶ 1), that she "caused the Parma City Police Department to send police officers to the address of [Ken Demsey] in order to arrest [him]," (*Id.* ¶ 2), and that he was "damaged by the actions of [Nancy Demsey] in conspiracy with and in conjunction with the Parma City Police." (*Id.* ¶ 6.) The district court dismissed his complaint on May 20, 2010. (Order in *Demsey IV*, ECF No. 26.) The district court found that *Demsey IV* "involves the same parties as Demsey I and Demsey II," the same incident, and claims that could have been asserted in state court. The district court concluded that

there had been a judgment on the merits in *Demsey II* and that Ken Demsey was precluded from bringing suit by the double dismissal rule.  (*Id.* 11.)  Ken Demsey now appeals.

## II.  STANDARD OF REVIEW

We review a district court's decision to grant a motion to dismiss de novo.  *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008).  We must "accept as true all non-conclusory allegations in the complaint and determine whether they state a plausible claim for relief."  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  Because it is a question of law, we also review "'de novo a district court's application of res judicata.'"  *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)).

## III.  ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(B) provides that:

Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

"[A] voluntary dismissal under Fed. R. Civ. P. 41(a) has the effect of a judgment with prejudice when . . . it is the second suit based on the same transaction."  *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010); *accord Randall v. Merrill Lynch*, 820 F.2d 1317, 1318-19 (D.C. Cir. 1987); *Tate v. Riverboat Servs.*, 305 F. Supp. 2d 916, 924 (N.D. Ind. 2004). "Because of the ease with which a voluntary dismissal may be secured, courts have held that the two-dismissal rule was 'practically necessary to prevent an unreasonable use of dismissals.'"  *Loubier v. Modern Acoustics*, 178 F.R.D.

17, 20 (D. Conn. 1998) (quoting *Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 483 (8th Cir. 1962)). Rule 41(a)(1)(B) "was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) (quotations and citations omitted); *see also* 9 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2368 (3d ed. 2010). Federal Rule of Civil Procedure 41(a)(1)(B) does not give a dismissal preclusive effect when the second action was filed in state court. *See Gabhart v. Craven Regional Medical Ctr.*, No. 94-2114, 1995 U.S. App. LEXIS 37123, at *2 (4th Cir. Dec. 28, 1995) ("[T]he two dismissal rule generally does not apply in federal cases if the second dismissal was in a state court."); *Stewart v. Stearman*, 743 F. Supp. 793, 794 (D. Utah 1990) (finding the rule does not apply when there were "two dismissals in state court."). There is an exception, however, when a state has a rule similar to Federal Rule 41(a)(1)(B), because federal courts must give prior state court judgments preclusive effect. *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. §1738); *see also Microvote Corp. v. Casey*, No. 94-3890, 1995 U.S. App. LEXIS 15396, at *6 (6th Cir. June 16, 1995) (applying Ohio's version of the double dismissal rule when the third suit was brought in federal court). Ohio Rule of Civil Procedure 41(A)(1)(b) states in part that "notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." OHIO R. CIV. P. 41(A)(1)(b). The Ohio Supreme Court has decided that "[a] valid, final judgment upon the merits bars all subsequent actions based upon any claim arising out of the

transaction or occurrence that was the subject matter of the previous transaction." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). If there has been a valid dismissal of a case pursuant to Ohio Rule of Civil Procedure 41(A)(1)(B), there has been an adjudication on the merits that bars subsequent claims arising out of the "the transaction or occurrence that was the subject matter" of the suits that were dismissed. *Id.*

Ohio takes an expansive view of claim preclusion. In *Grava*, the Ohio Supreme Court expanded res judicata beyond its traditional limits. Ohio formerly held that "[a] judgment or decree in a former action [did] not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter." *Id.* at 228 (citation omitted). The Ohio Supreme Court updated its view of claim preclusion:

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or kinds of relief.

*Id.* at 229 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)). "For the purpose of a res judicata analysis, a 'transaction' is defined as a 'common nucleus of operative facts.'" *U.S. Bank Nat'l Ass'n v. Gullotta*, 899 N.E.2d 987, 991 (Ohio 2008) (quoting *Grava*, 653 N.E.2d at 226). "Claim preclusion not only bars all claims that were litigated, but also all claims that could have been litigated growing from the same transaction." *Price v. Carter Lumber Co.*, No. 24991, 2010 Ohio App. LEXIS 3658, at *15 (Ohio Ct. App. Sept. 15, 2010).

Ohio law requires that a party seeking to invoke res judicata prove four elements:

1) A prior final, valid decision on the merits by a court of competent jurisdiction;
2) A second action involving the same parties or their privies as the first;
3) A second action raising claims that were or could have been litigated in the first action; and
4) A second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999); *accord Hillman v. Edwards*, No. 10AP-950, 2011 Ohio App. LEXIS 2279, at *9 (Ohio Ct. App. June 2, 2011). Application of those factors to Ken Demsey's suit requires preclusion of his action.

The district court correctly concluded that there had been a final, valid decision on the merits. *Demsey I* and *Demsey II* were identical, involving the same parties and alleging the same state law claims for abuse of process and negligent/intentional infliction of emotional distress. (Compl. in *Demsey I*; Compl. in *Demsey II*.) Both were dismissed voluntarily. (Journal Entry in *Demsey I*; Journal Entry in *Demsey II*.) "Notice of dismissal operates as adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." OHIO R. CIV. P. 41(A)(1)(b).

Ken Demsey contends that the parties are different because the complaint in *Demsey IV* alleges that "the Parma police took part in a conspiracy with [Nancy Demsey]," arresting Ken Demsey while they were "in eyeshot and earshot of [Nancy Demsey], [who stood] at the corner of the street." (Appellant's Reply Br. 1.) Ken Demsey contends that "there is no case law or statute . . . that <u>requires</u> new actors to be named as a formal 'party.'" (*Id.*) (emphasis in the original). His argument is unpersuasive. Claim preclusion "bars further claims by parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979). "Parties" refers to the parties "named in the [previous] cases." *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 797 (S.D. Ohio 2006).

- 7 -

Res judicata does not prevent Ken Demsey from suing the Parma police department, because he has brought no action against them. *See Shamaeizadeh v. Cunigan*, 338 F.3d 535, 546 n.4 (6th Cir. 2003) (holding defendants were not precluded from defending themselves in a lawsuit because they were not parties to a prior action and had no opportunity to litigate the issue); *Ogle v. Columbia Gas Transmission*, LLC, No. 2:10-cv-1059, 2011 U.S. Dist. LEXIS, at *14-16 (S.D. Ohio Aug. 17, 2011) (dismissing claims against some defendants due to claim preclusion but deciding the matter on the merits for others); *United Commc'ns Corp. v. U.S. Bronco Servs.*, No. 1:09-cv-478-HJW, 2011 U.S. Dist. LEXIS 59362, at *29 (S.D. Ohio June 1, 2011) (concluding that claims were precluded against one party but not another who "was not a party in the [previous] litigation."). Where, as here, the parties are the same as the parties in the previous action, the claims must be dismissed. *Ater v. Follrod*, 238 F. Supp. 2d 928, 937 (S. D. Ohio 2002).

Section 1983 claims can be litigated in state court proceedings. *Anderson-Keri v. Detroit Bd. of Educ.*, No. 99-1083, 1999 U.S. App. LEXIS 32574, at *4 (6th Cir. Dec. 9, 1999). Ohio courts have "concurrent subject matter jurisdiction over actions brought under [§] 1983." *Besser v. Dexter*, No. 88CA7, 1990 Ohio App. LEXIS 3058, at *2 (Ohio Ct. App. July 11, 1990). Ken Demsey "does not claim that the state court would not have adjudicated [his] federal claims had [he] presented them in [his] original suit in state court." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984); *accord Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007); *Martin v. LaBelle*, 7 F. App'x 492, 495 (6th Cir. 2001). A "state-court judgment in this litigation has the same preclusive effect in federal court that the judgment would have in Ohio state courts." *Migra*, 465

U.S. at 85.  Ken Demsey asserts that *Demsey IV* is different from *Demsey II* because *Demsey IV* alleges there was a conspiracy between a state actor and a private actor and discriminatory animus towards a disabled individual and because *Demsey IV* does not allege the involvement of "two family members."

Ken Demsey offers no reason why he could not have brought a § 1983 claim in *Demsey I* or *Demsey II*.  He contends that there was a "very obvious difference" between *Demsey I* and *II* and *Demsey IV*.  However, Ohio preclusion principles do not require that a claim be the same as the claim brought in the previous matter; they only require that the claim could have been litigated.  *In re Fordu*, 201 F.3d at 703-4.

In his complaint in *Demsey IV*, Ken Demsey alleges that his civil rights were violated because Nancy Demsey called the police, which led to his arrest.  (Compl. In *Demsey IV* ¶¶ 3-8.) He contends that she conspired with the police because she called them and was present when he was arrested.  (*Id.* 10-11.)  His original complaint alleged that she made a false police report that led to his arrest and injury.  (Compl. in *Demsey I* ¶¶ 1-5.)  He did not allege that he was disabled until the Complaint in *Dempsey III*, but he does not assert that he could not have alleged his disability in his previous complaints.  He could have.  It does not matter that the third and fourth complaints contained "new legal theories"; he could have raised them before.  *A to Z, Inc. v. City of Cleveland*, No. 1:05CV2137, 2007 U.S. Dist. LEXIS 43666, at *29-30 (N.D. Ohio June 14, 2007).

Ken Demsey contends that there was no "claim involving a conspiracy with the Parma Police Department . . . until after the state case was decided."  (Appellant's Reply Br. 7.)  He cites the

police report as evidence of this conspiracy.  (Summary Report (Exhibit A), Appellant's Reply Br.)

The police report states only that Nancy Demsey called the police to report domestic violence.  (*Id.*)

Ken Demsey's complaint in *Demsey I* alleges that Nancy Demsey "deliberately made a knowingly

false police report."  (Compl. in *Demsey I* ¶ 1.)  Ken Demsey was aware of the conspiracy he alleges

when he filed his first complaint.  He could have asserted his claim then.

The final factor is whether *Demsey IV* arises out of the transaction or occurrence that was the

subject matter of *Demsey I* and *Demsey II*.  *In re Fordu*, 201 F.3d at 703-04.  *Demsey I*, *Demsey II*,

and *Demsey IV* all stem from an allegedly false police report made to the Parma police on May 11,

2005.  (Compl. in *Demsey I* ¶ 1; Compl. in *Demsey II* ¶ 1; Compl. in *Demsey IV* ¶ 5.)  In all three

complaints, Ken Demsey alleges that the police injured and humiliated him.  (Compl. in *Demsey I*

¶ 3; Compl. in *Demsey II* ¶ 3; Compl. in *Demsey IV* ¶ 6.)  He now contends his federal cause of

action entails a "plethora of police activity" (Appellant's Reply Br. 1) that was not present in the

state suits, but his first two complaints were based on physical injury, false imprisonment, and

humiliation at the hands of the Parma police.  (Compl. in *Demsey I* ¶¶1-5.)  "[T]he constitutional

issues in the present [case] were raised in the [] state court proceedings."  *Pittman v. Mich. Corr.*

*Org., SEIU, Local 526*, 123 F. App'x 637, 640 (6th Cir. 2005); *see also Banks v. City of Whitehall*,

344 F.3d 550, 553 (6th Cir. 2003) (recognizing that "section 1983 claims [are] best characterized as

tort actions for the recovery of damages for personal injuries.").

Ken Demsey argues that there is no common transaction or occurrence because *Demsey III*

and *Demsey IV* allege state involvement. (Appellant Br. 1.)  This Court has recognized on numerous

occasions that a state law tort suit bars a subsequent § 1983 suit. *See Martin*, 7. F. App'x at 494 (holding plaintiffs' § 1983 suit barred because of previous suit in state court for intentional infliction of emotional distress); *Green v. Cumberland*, No. 98-3067, 1999 U.S. App. LEXIS 2247, at *3-4 (6th Cir. Feb. 9, 1999) (dismissing § 1983 suit on grounds of claim preclusion due to three previous suits in Ohio state court). District courts in Ohio, applying Ohio preclusion principles, have also barred subsequent § 1983 suits where a prior state suit arose from the same transaction or occurrence. *See Keymarket of Ohio, LLC v. Keller*, No. 2:08-CV-325, 2009 U.S. Dist. LEXIS 83512, at *13 (S.D. Ohio Sept. 14, 2009) (dismissing plaintiff's § 1983 suit in federal court because it had brought suit arising from the same occurrence in Ohio court); *Dennis v. Berne Twp. Trs.*, No. C2-04-CV-1185, 2006 U.S. Dist. LEXIS 2450, at *13 (S.D. Ohio Jan. 24, 2006) (dismissing plaintiff's § 1983 suit against a defendant because of previous state court action); *Koury v. City of Canton*, No. 1:04-CV-02248, 2005 U.S. Dist. LEXIS 44747, at *33 (N.D. Ohio Oct. 17, 2005) (dismissing plaintiffs' §1983 suit because their suit in state court "arose out of the same core of operative fact."). Ken Demsey's § 1983 claim is "so interrelated that [it] should have been tried at the same time" as his previous claims. *Wilkins v. Jakeway*, 993 F. Supp. 635, 648 (S.D. Ohio 1998).

Ken Demsey cites language from *Manicki v. Zeilmann*, 443 F.3d 922 (7th Cir. 2006), to support his argument that there were separate occurrences. *Manicki* supports the district court's decision. The plaintiff in *Manicki* was a newly hired police officer who was in his probationary period when he witnessed a fight between two other officers. *Id.* at 923-24. In the ensuing criminal investigation, the plaintiff stated that one of the officers was at fault. Plaintiff alleged that he was

discharged by the police chief because plaintiff refused to change his statement to protect the officer at fault. *Id.* at 924. Plaintiff brought suit in Illinois against the police chief and the city, alleging his due process rights were violated when he did not receive a hearing before being fired. *Id.* The state court held that, as a probationary employee, plaintiff lacked the kind of interest that entitled him to a predeprivation hearing.

The plaintiff filed suit in federal court, alleging a § 1983 claim for violation of the First Amendment. *Id.* He contended that there were "two separate clusters of facts . . . the first being the police board's denying him a predeprivation hearing . . . and the second (though it came first in time) being . . . [his] dismissal and hence the filing of the first suit." *Id.* at 925. The Seventh Circuit disagreed, holding that "they are not really separate, except in not being simultaneous; together they constitute the circumstances of [the plaintiff's] dismissal and 'form a convenient trial unit.'" *Id.* (quoting *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005)). The court observed that "the ultimate relief sought" was the same and that "the facts bearing on the appropriateness of that remedy . . . would be the same." *Id.* The facts bearing on the resolution of Ken Demsey's state law claims and his § 1983 claims are the same and require claim preclusion.

*Manicki* counsels in favor of precluding Ken Demsey's suit in federal court. His § 1983 suit is merely a "tort action[] for the recovery of damages for personal injuries." *Banks*, 344 F.3d at 553. He seeks money damages for physical injury, humiliation, and mental distress in his state and his federal suits. (*Compare* Compls. in *Demsey I* ¶ 3, *Demsey II* ¶ 3, and *Demsey IV* ¶ 6.) He alleges

the same set of facts in both cases. The "ultimate relief sought" and "the facts bearing on the appropriateness of that remedy . . . would be the same." *Manicki*, 443 F.3d at 925.

Ken Demsey's final argument is that the district court's application of res judicata was not in the interest of justice and fairness. (Appellant's Br. 8.) He relies on several Ohio decisions to explain why *Demsey IV* should not be precluded by *Demsey I* and *Demsey II*. All of the cited cases are distinguishable or support claim preclusion.

In *Berry v. Berry*, No. 13745, 1993 Ohio App. LEXIS 3805 (Ohio Ct. App. July 28, 1993), the court declined to apply claim preclusion to a mother's claim for additional child support when the first suit had been dismissed for lack of personal jurisdiction. *Id.* at *11-12. The court recognized that, "[if] the court which is the only proper forum for a case denies relief for lack of jurisdiction, 'the question is res judicata, even though the judgment is erroneous.'" *Id.* at 10 (quoting E.H. Schopler, Annotation, *Res Judicata Effect of Judgment Dismissing Action, or Otherwise Denying Relief, for Lack of Jurisdiction or Venue*, 49 A.L.R.2d 1039, Section 2, fn. 20 (1956)). Nevertheless, the court declined to apply claim preclusion based on the circumstances of the case. It reasoned that, if it treated the first, incorrect, determination of jurisdiction as a matter of claim preclusion, the plaintiff would be "forever foreclosed from petitioning for increased child support in [the venue of the defendant]." *Id.* at 12. The court concluded that such a result would be "manifestly unjust to the plaintiff and the parties' child" and against "the strong public policy of insuring the continued well-being of children throughout their minority." *Id.* at 12-13. *Berry* stands for the proposition that res judicata applies to all claims, absent a strong showing of injustice. Ken

Demsey has not shown that any strong public policy justifies avoiding res judicata in the present case.

Ken Demsey also relies on *Builders Dev. Group, L.L.C. v. Smith*, No. 23846, 2010 Ohio App. LEXIS 3523 (Ohio Ct. App. Sept. 3, 2010). The defendant in *Builders Development Group* invoked claim preclusion because the owner of Builders Development Group first brought suit in his individual capacity when the claim should have been brought by the limited liability company. *Id.* at 10. The Court concluded that it was a "legal fiction" to say that plaintiff's claims had been dismissed on the merits when they were dismissed because the original plaintiff had brought suit in the wrong capacity. *Id.* Ken Demsey contends that it is a "legal fiction" to conclude that his case was also decided on the merits. But *Builders Development Group* was a suit where there had been no decision on the merits because one of the parties had not been properly named. *Id.* at 10-11. Here, the parties were properly named, but Ken Demsey voluntarily dismissed his suit twice. There is no injustice in dismissing a plaintiff's complaint when he has had two opportunities to have his claims heard and has voluntarily chosen not to proceed.

Ken Demsey also relies on *Fender v. Miles*, 923 N.E.2d 631, 637 (Ohio Ct. App. 2009), where the court held that a suit by a child was not precluded by the parent's unsuccessful suit because "privity generally does not arise out of a parent-child relationship, especially [where] the interests of the parent and child are different." The court held that depriving children "of their day in court" because of their parents' prior suits would "work a serious injustice." *Id. Fender*

concludes that claim preclusion applies only to the parties and their privies; it does not address repeated claims by the same party.

Ken Demsey concedes that he dismissed his first two suits in state court. (Appellant's Br. 2.) Ohio Rule of Civil Procedure 41(A)(1)(b) states, in part, that "notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." OHIO R. CIV. P. 41(A)(1)(b). Ken Demsey has had two days in court. He may not clothe his suit in "new legal theories" to defeat claim preclusion. *A to Z, Inc.*, 2007 U.S. Dist. LEXIS 43666, at *29-30.

## IV. CONCLUSION

Ken Demsey's claims were properly dismissed under the double dismissal rule. The judgment of the district court is AFFIRMED.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in the judgment and agree with the majority that Ken Demsey's claims are barred by res judicata. It is undisputed that Ken Demsey previously filed and then voluntarily dismissed two state-court actions against Nancy Demsey, the sole defendant in the present action. *See* R. 18-3 (*Demsey I*, CV-06-602999, Journal Entry 7/10/2007); R. 18-6 (*Demsey II*, No. CV-07-641553, Journal Entry 5/27/2008). The voluntary dismissal of the second suit constitutes an adjudication on the merits pursuant to Ohio Rule of Civil Procedure 41(A)(1) and therefore carries preclusive effect in federal court. *Olynyk v. Scoles*, 868 N.E.2d 254, 256, 258-59 (Ohio 2007) (recognizing that while the federal and Ohio double-dismissal rules "are not identical" they do "share many common features" and are "similar enough that cases interpreting the federal two-dismissal rule are fully relevant" to interpreting Ohio's double-dismissal rule); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2368 (3d ed. 2010) ("[I]f the state has a rule comparable to [Federal] Rule [of Civil Procedure] 41(a)(1), the dismissal in state court would be an adjudication on the merits in the state court by virtue of the state rule and would bar, as would any adjudication on the merits, a new suit in a federal court.").

The present suit arises from the same events at issue in the prior state-court suits—namely, the arrest and criminal prosecution of Ken Demsey resulting from statements made by Nancy Demsey to the police. *See Microvote Corp. v. Casey*, No. 94-3890, 1995 WL 364170, at *2 (6th Cir. June 16, 1995) (unpublished opinion) (stating that res judicata bars subsequent claims where "it is clear that the same set of facts" at issue in the prior suits "is necessary to sustain" the claims

presently asserted). Therefore, under Ohio preclusion law, Ken Demsey is barred from litigating his present claims in federal court. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *U.S. Bank Nat'l Ass'n v. Gullotta*, 899 N.E.2d 987, 991 (Ohio 2008) (holding res judicata barred subsequent complaint premised on same note and mortgage). The fact that Ken Demsey asserts 42 U.S.C. § 1983 claims not previously raised in state court does not alter this result. *Migra*, 465 U.S. at 83-85; *Anderson-Keri v. Detroit Bd. of Educ.*, No. 99-1083, 1999 WL 1206867, at *2 (6th Cir. Dec. 9, 1999) (unpublished opinion) (Res judicata "applies to civil rights actions under 42 U.S.C. § 1983 with respect to issues actually litigated in the state courts . . . as well as those issues that were not raised but could have been litigated in the state court proceeding."). Accordingly, the complaint is properly dismissed.