**Grace RODRIGUEZ TORRES, et al., Plaintiff(s),**

**v.**

**Jaime MUNIZ GONZALEZ; Jose Madera Casiano; Puerto Rico Police Department; Pedro Toledo; Jose Figueroa Sancha; John Doe; Nancy Doe; Insurance Company A; Benjamin Rodriguez; Commonwealth of Puerto Rico, Defendant(s).**

**Civil No. 09–1886 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 30, 2012.

---

Frank D. Inserni–Milam, Frank D. Inserni Law Office, San Juan, PR, for Plaintiff(s).

Yadhira Ramirez–Toro, Department of Justice, Commonwealth of Puerto Rico, San Juan, PR, for Defendant(s).

## AMENDED OPINION AND ORDER NUNC PRO TUNC

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is defendants' *Motion for Summary Judgment and Memorandum of Law in Support Thereof,* Docket No. 99, and the *Statement of Uncontested Facts in Support of Defendants' Motion for Summary Judgment and Memorandum of Law,* Docket No. 100. For the reasons set forth below, the defendants' request is granted, and the instant case is dismissed with prejudice.

### Factual and Procedural Background

On September 3, 2009, plaintiffs Grace Rodríguez Torres ("Rodríguez" or "plaintiff"), and her three daughters, Greisa and Carolina Chacón, and Alondra Lasalle, filed the instant action under 42 U.S.C. §§ 1983, 1985; Title VII, 42 U.S.C. § 2000e–5(e)(1), and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 31 L.P.R.A. §§ 5141, 5142; Puerto Rico Law No. 17, 29 L.P.R.A. § 155, *et seq.,* Law No. 69, and 29 L.P.R.A. § 146.

The facts that triggered the instant action stem from an alleged sexual harassment situation between defendant Captain Jaime Muñiz González ("Muñiz") and plaintiff, which started when Ms. Rodríguez was interviewed for a job with the Puerto Rico Police Department ("PRPD"), on or about in the year 1990. *See* Docket No. 143–2. Notwithstanding the fact that Ms. Rodríguez admits that she felt uncomfortable and harassed at the interview, plaintiff joined the PRPD on or about December 16, 1990. Ms. Rodríguez reencountered with Muñiz on or about May 2, 1997, when plaintiff was transferred to the Mayagüez District. *See* Docket No. 143–2. Plaintiff alleges that the sexual harassment started again, and continued until on or about February 25, 2008, when Ms. Rodríguez was transferred to Añasco, Puerto Rico. *See* Docket No. 99, page 7. The transfer to Añasco was triggered by an alleged incident occurred on or about August–September of 2007, when Muñiz took her to a water tank during the night, and had personal and physical contact with Ms. Rodríguez. *See* Docket No. 99, page 7.

Plaintiff Rodríguez alleges that, on March 3, 2008, she went to the Equal Employment Opportunity Commission ("EEOC"), and was interviewed by Mr. Carlos González, who gave her a document to fill out. Plaintiff tendered a copy of her claim. Plaintiff further alleges that she signed up at the EEOC's reception area on March 3, 2008. *See* Docket No. 143–1. However, according to plaintiff, she was

never contacted by the EEOC thereafter. *Id.* Ms. Rodríguez alleges that, on April 1, 2009, she returned to the EEOC and spoke with Mr. Carlos González, who explained to her that at the March 3, 2008 interview, he only counseled her, **but plaintiff did not file a claim.** Mr. González further explained to plaintiff that all documents were kept for 90 days, and destroyed thereafter. *See* Docket No. 136–2. Mr. González further suggested that I contact my attorney Inserni. *See* Docket No. 136–2. As of this date, the alleged claim filed by plaintiff with the EEOC on March 3, 2008, has not been found. Eventually, plaintiff filed her EEOC claim on April 8, 2009. *See* Docket No. 99, page 7. Thus, more than one year elapsed after plaintiff was transferred to Añasco Police Station, on February 25, 2008, and the filing of her EEOC claim on April 8, 2009. The record shows that after plaintiff was transferred on February 25, 2008, there are no new allegations of discrimination of sexual harassment on the employment.

On or about March 5, 2008, plaintiff filed an administrative claim of sexual harassment with the PRPD. *See* Docket. No. 99, page 8. Plaintiff alleges that she personally delivered her complaint in an e-mail format to the PRPD's Domestic Violence Unit in the General Headquarters. *Id.* "This grievance was investigated and plaintiff Grace Rodríguez rendered a sworn statement at the Police Department on April 29, 2008 as part of the investigation." *Id.*

Defendants allege that "[p]laintiff's claim before the EEOC was filed a year after she rendered her sworn statement at the Police Department." *Id.* Hence, plaintiff's EEOC claim is time-barred, as it was filed after the "statute of limitations of 180 days had expired." *See* Docket No. 99, page 7. Defendants further argue that, "[e]ven affording plaintiff the more generous statute of limitations of 300 days, there are more than 365 days between the date that plaintiff ceased to have personal contact with Muñiz, to wit, February 25, 2008, and the date when she filed her claim at the EEOC on April 8, 2009." *See* Docket No. 99, page 7. In sum, "any claim beyond the filing period is barred by Title VII applicable statute of limitations and any claim of sexual harassment that plaintiff brought in her complaint is time-barred." *See* Docket No. 99, pages 7–8.

As of this date, plaintiff Rodríguez is still working with the PRPD. In addition, the record shows that the defendants' motion for summary judgment stands unopposed at the time of this writing.[1]

### Applicable Law and Discussion

#### A. *The cause of action under 42 U.S.C. § 1983 is time-barred.*

 It is settled that a civil rights action filed under 42 U.S.C. § 1983 of the Civil Rights Act of 1991 does not have a specific statute of limitations. In *Chardón v. Fernández,* 454 U.S. 6, 7, 102 S.Ct. 28, 70 L.Ed.2d 6 (1982), the Court adopted the one year statute of limitations applicable to Puerto Rico tort actions, 31 L.P.R.A. § 5141, as applicable to an action brought under both the Civil Rights Act of 1964 and 1991. *See also*

 "Civil rights actions brought forth pursuant to § 1983 of the Civil Rights Act of 1991 do not have a specific statute of limitations." *Sánchez Ramos v. Puerto Rico Police Department, et al.,* 392 F.Supp.2d 167, 180 (D.P.R.2005). Hence

---

**1.** Plaintiff's claim on the merits is also troublesome, as she claims that she was harassed frequently during working hours, on certain nights and days, when her work attendance cards shows that she either was not working on the alleged date or she had signed off hours prior thereof.

the "states have been encouraged to, and must apply, the state's statute of limitations which is most appropriate to the particular § 1983 claim." *Sánchez Ramos,* 392 F.Supp.2d at 180. In the case of Puerto Rico, the most analogous statute of limitations to a § 1983 claim is the one year personal injury action statute of limitations. *Id.* citing *Ruiz–Sulsona v. University of Puerto Rico,* 334 F.3d 157, 160 (1st Cir.2003); *Rodríguez Narvaez v. Nazario,* 895 F.2d 38, 41–42 (1st Cir.1990); *Rivera Sánchez v. Autoridad de Energía Eléctrica,* 360 F.Supp.2d 302, 307 (D.P.R. 2005). Hence, the statute of limitations applicable to an action under the Civil Rights Act of 1964 and 1991 is one year from the date that the employee is notified in writing of his/her discharge or from the alleged § 1983 violation. *See Chardón v. Fernández,* 454 U.S. at 7, 102 S.Ct. 28. However, "[p]laintiff should keep in mind that 'the pendency of an administrative proceeding does not maintain the section 1983 claim in a state of suspended animation.' " [2] *Sánchez Ramos,* 392 F.Supp.2d at 181 (citations omitted). "[T]he filing of an administrative complaint with the Department of Labor, EEOC Local Office, fails to toll **in any way** the running of the statute of limitations for claims pursuant as to a civil rights complaint under § 1983 against the natural persons individual co-defendants." (Citations omitted). *Id.*

■ In the instant case, plaintiff is still working with the PRPD. The record further shows that plaintiff Rodríguez grievances ceased after she was transferred to Añasco on February 25, 2008, and the instant complaint was filed on September 3, 2009. Hence, any action that plaintiff may have under 42 U.S.C. § 1983 is time-barred, as the complaint was filed more than 365 days after February 25, 2008, that is, after the statute of limitations under the Civil Rights Act of 1964 and 1991 had expired. The filing of the administrative complaint with the EEOC only tolled the one year period of the statute of limitations as to the employer, but not as to the natural persons sued in their individual capacities. *See Sánchez Ramos,* 392 F.Supp.2d at 182, citing *León–Nogueras v. University of Puerto Rico,* 964 F.Supp. 585 (D.P.R.1997); *Galib Frangie v. El Vocero,* 138 D.P.R. 560 (1995); *Cintrón v. E.L.A.,* 127 D.P.R. 582 (1990). Hence, this action is time-barred as to defendants Mufiiz, José Madera Casiano, Pedro Toledo, José Figueroa Sancha and Benjamín Rodríguez in their individual capacities.[3]

■ The Court notes that the instant case is a civil rights action under 42 U.S.C. § 1983 based on an underlying cause of action of sexual harassment under Title VII. But the United States Court of Appeals for the First Circuit has stated clearly, following most if not all of the circuits, that there is no cause of action under Title VII, and most if not all, discrimination statutes against personal individuals. *See Fantini v. Salem State College,* 557 F.3d 22 (1st Cir.2009). Further, the federal

---

**2.** *See Sánchez Ramos v. Puerto Rico Police Department, et al.,* 392 F.Supp.2d at 181, Fn. 7. "A contrario sensu a 'suspended animation' occurs under an EEOC charge with one important distinction-the statute calls for 'suspended animation' against the employer, in this case, the Police Department, but not the natural persons sued herein in the individual capacities, for a definite period of time after the issuance of the right to sue letter." *Sánchez Ramos, supra,* citing *Love v. Pullman,*

404 U.S. 522, 526, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Civil Rights Act of 1964, § 706(c), 42 U.S.C. § 2000e–5.

**3.** Under federal law, there are no claims against Pedro Toledo and José Figueroa Sancha, as they are not plaintiff's employers under the "employer" definition provided by 42 U.S.C. § 2000e(a). *See Sánchez Ramos,* 392 F.Supp.2d at 179, Fn. 6.

courts have stated that a Title VII claim is the exclusive remedy for a Title VII claim, precluding a § 1983 claim. Others have stated that if a § 1983 claim is permitted, the underlying law must be used and cannot be circumvented. *See Henley v. Brown, et al.,* 686 F.3d 634, 642 (8th Cir. 2012) (Title VII claims are the exclusive remedy, not § 1983, unless there is a claim for violation of constitutional rights; plaintiff may not circumvent the requirements of the law by dressing a case under § 1983, which does not comply with the requirements of Title VII). Hence, the principles of law of Title VII must be used. *See Wright v. Rolette County,* 417 F.3d 879, 884–885 (8th Cir.2005).

In *Wright,* 417 F.3d at 884–885, the Court held:

> Sexual harassment claims under section 1983 are analyzed under the same standards developed in Title VII litigation and the elements of a prima facie case are the same regardless of which statute the plaintiff uses to seek relief. *See Moring v. Ark. Dep't of Corr.,* 243 F.3d 452, 455 (8th Cir.2001); *see also Genosky v. Minnesota,* 244 F.3d 989, 993 (8th Cir.2001) (analyzing Title VII and section 1983 gender discrimination claims without using a different standard); *Headley v. Bacon,* 828 F.2d 1272 (8th Cir.1987) (holding cause of action under Title VII and section 1983 identical for purposes of res judicata); *Cross v. Alabama,* 49 F.3d 1490, 1508 (11th Cir.1995) (elements of sex discrimination causes of action are the same under section 1983 and Title VII); *Beardsley v. Webb,* 30 F.3d 524, 529 (4th Cir.1994) ("Courts may apply the standards developed in Title VII litigation to similar litigation under § 1983."); *Hardin v. Stynchcomb,* 691 F.2d 1364, 1369 n. 16 (11th Cir.1982) (holding cause of action under Title VII and section 1983 the same); but *see Annis v. County of Westchester, New York,* 36 F.3d 251, 254 (2d Cir.1994) ("While we do not subscribe to a categorical view that sexual harassment equals sex discrimination, we do agree that harassment that transcends coarse, hostile and boorish behavior can rise to the level of a constitutional tort.").

Hence, the fact that there is no cause of action against personal individual defendants under Title VII, *Fantini, supra,* there is no cause of action against individual defendants under § 1983 for damages.

### B. *The cause of action under Title VII is time-barred.*

It is well settled that an aggrieved employee shall exhaust the administrative remedies before filing its claim under Title VII, "a process that begins with the filing of an administrative charge before the EEOC." *Abraham v. Woods Hole Oceanographic Institute, et al.,* 553 F.3d 114, 119 (1st Cir.2009). Under the provisions of 42 U.S.C. § 2000e–5(e)(1), "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agen-

cy has terminated the proceedings under the State or local law agency."

■ Puerto Rico is a "deferral jurisdiction," hence, an aggrieved employee has three hundred days to file and administrative charge under Title VII, pursuant to 42 U.S.C. § 2000e–5(e)(1), unless the employee belongs to a governmental agency or its instrumentalities, then the filing period to file an administrative charge is one hundred and eighty days from the alleged unlawful employment practice. *See Mohasco Corporation v. Silver,* 447 U.S. 807, 814–820, 822, 825, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Bonilla, et al. v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 278 (1st Cir.1999). *See also Ayala–González v. Toledo Dávila,* 623 F.Supp.2d 181, 183–188 (D.P.R.2009). However, in *Bonilla,* 194 F.3d at 278, the Court held:

> For present purposes, we narrow the lens of inquiry to section 2000e–5 of Title VII, because it alone is germane to the issue posed by this appeal. That section states in pertinent part that **a charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if "the person aggrieved has initially instituted proceedings with [an authorized] State or local agency."** 42 U.S.C. § 2000e–5(e). [Fn4] … a claimant who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits.
>
> [Fn4] The longer period is available only in so-called "deferral" jurisdictions. *See* 42 U.S.C. § 2000e–5(e); *see also Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Puerto Rico is a deferral jurisdiction,

and the Commonwealth's Department of Labor is an agency empowered to grant or seek relief from unlawful employment practices (and, thus, authorized within the purview of section 2000e–5(f)). *See* 29 C.F.R. § 1601.74 (1991). (Emphasis added).

*See also Ayala–González v. Toledo Dávila,* 623 F.Supp.2d at 186–187.

In the instant case, the record shows that plaintiff filed her police administrative claim with the PRPD on March 5, 2008, and the EEOC charge on April 8, 2009. Hence, the EEOC charge is time-barred as it was filed more than three hundred days after the date that plaintiff filed her administrative claim with the PRPD. *See Mohasco,* 447 U.S. at 817, 100 S.Ct. 2486. Further, the § 1983 claim is time-barred, as plaintiff was transferred from the station where the alleged aggressor worked, on February 25, 2008, and the instant complaint was filed on September 3, 2009. No allegations of discrimination by the alleged aggressor are contained in the complaint after the date of the transfer to Añasco, that is, February 25, 2008. The one year term to file a § 1983 complaint is therefore time-barred. *See Chardón v. Fernández,* 454 U.S. at 7, 102 S.Ct. 28.

C. *The Eleventh Amendment.*

Recapitulating as to the defendants, the Commonwealth of Puerto Rico and the PRPD, they may *not* be sued under the Eleventh Amendment, and under 42 U.S.C. § 1983. As to the PRPD being sued under Title VII, they can be sued, as there is an override set by Congress as to Title VII, *Fantini v. Salem State College,* 557 F.3d 22. However, if the PRPD is sued under Title VII, there are cases standing for the proposition that the remedy under Title VII is the exclusive remedy, and cannot be addressed under § 1983. Further, this case is time-barred under the analysis set above.

As to the individual defendants, they can be sued in their individual capacity under Title VII, but the case of *Fantini v. Salem State College,* 557 F.3d 22, states that there is no individual liability. As to 42 U.S.C. § 1983 liability, the circuit courts have held that the general principles of Title VII must be applied in an action under § 1983. But this analysis leads to no individual liability under § 1983, simply because the principles of no personal individual liability are an accepted norm in employment discrimination cases.

In view of the fact that this case is time-barred, the Court's analysis ends here.

### Conclusion

In view of the foregoing, the defendants' *Motion for Summary Judgment and Memorandum of Law in Support Thereof,* Docket No. 99 is granted, as the Court finds that this case is time-barred. This case is dismissed with prejudice. The Clerk will terminate all motions pending. Judgment is to be entered accordingly.

IT IS SO ORDERED.