**Angel Ruiz RIVERA, Plaintiff(s),**

v.

**Raul Santiago MELENDEZ; Waleska Marrero Melecio; Charles Candelaria Farulla; Benny Frankie Cerezo; Barber Pickard Battistoni Maldonado & Van Der Tuin; Schuster Usera & Aguilo; Dow Lohnes PLLC, Defendant(s).**

**Civil No. 10-2114 (DRD).**

United States District Court, D. Puerto Rico.

March 28, 2013.

Angel Ruiz–Rivera, Cidra, PR, pro se.

Ruben Cerezo–Hernandez, Ruben Cerezo Law Office, Nashely Pagan–Isona, Salvador J. Antonetti–Stutts, O'Neill & Borges, San Juan, PR, for Defendant(s).

### ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court are: (a) *Dow Lohnes' Motion For Reconsideration Of Court's Opinion and Order (Docket No. 36),* Docket No. 38; (b) *Plaintiff's Response To Defendants' "Motion For Reconsideration,"* Docket No. 51, and (c) *Dow Lohnes' Reply To Plaintiff's Opposition To Motion For Reconsideration And Requesting Extension Of Time,* Docket No. 56. For the reasons set forth below, the motion for reconsideration filed by Dow Lohnes PLLC ("Dow Lohnes") is granted.

### Introduction

This case was filed November 12, 2010, as a diversity case although this action is indeed a legal malpractice suit filed against several law firms from Puerto Rico and continental United States. Plaintiff Angel Ruiz Rivera ("Ruiz Rivera" or "plaintiff") is well known to

the Court, as he has filed at least 16 or more actions in our district, as well as federal courts in other districts. Plaintiff's case has been before the United States Court of Appeals for the First Circuit, as well as the United States Supreme Court. *See Opinion and Order,* Docket No. 36, page 2.

The Court refers to the factual and procedural background set forth in its *Opinion and Order* of March 5, 2012, Docket No. 36, to avoid reciting the same set of facts, as well as the chronology of filings of actions and appeals set forth therein. *See Ruiz Rivera v. Dow Lohnes & Albertson,* 2012 WL 706316 (D.P.R. (March 5, 2012) 2012). In sum, on March 5, 2012, the instant case was dismissed without prejudice, as the case at bar was the first action filed by plaintiff against the defendants herein. *See* Docket No. 36.

On April 2, 2012, defendant Dow Lohnes moved the Court for reconsideration of the *Opinion and Order* dismissing the instant case without prejudice, and requesting that the dismissal be indeed with prejudice, on the grounds that: (a) "it falls within one or more exceptions to a plaintiff's right under Rule 41(a)(1) to voluntary dismiss his complaint without prejudice;" (b) "this Court has the inherent power to dismiss the Complaint with prejudice as a sanction for Plaintiff's abuse of the judicial process." *See* Docket No. 38, pages 4-10.

Plaintiff Ruiz Rivera filed his response opposing Dow Lohnes' reconsideration request on July 30, 2012, Docket No. 51. Generally, plaintiff opposed all the arguments raised by defendant Dow Lohnes without any legal support, except for plaintiff's self serving arguments. Furthermore, plaintiff's opposition is plagued with undesired, disrespectful, unnecessary and most unwelcome language normally used by Mr. Ruiz Rivera in his pleadings. Aside from the fact that plaintiff has used every trick in the book attempting to achieve a specific result, including the filing of three notices of voluntary dismissal in the instant case, *see* Docket entries No. 16, 24 and 29; the consolidation of related civil actions, *see* Docket entries No. 23 and 28, as well as the disqualification of the undersigned, if the Court does not subdues to plaintiff's litigation conditions, which includes

amongst others, leave to proceed in *forma pauperis,* and a dismissal without prejudice.

In addition, plaintiff also advised the Court of the consequences if the Court fails to rule on plaintiff's behalf, including: (a) the threat to re-file a new action in the state court; (b) the disqualification of the undersigned; (c) the transfer of the instant action to another judge; and (d) put the Court on notice of plaintiff's challenge on appeal of the sanctions imposed by the Court on the *Opinion and Order* of March 5, 2012. *See* Docket No. 51, pages 13-17.

On August 20, 2012, Dow Lohnes filed its *Reply To Plaintiff's Opposition To Motion For Reconsideration And Requesting Extension Of Time,* Docket No. 56. In a nutshell, Dow Lohnes reiterates the same arguments already stated in its motion for reconsideration, Docket No. 38, and included a reply to plaintiff's opposition, to wit: (a) "plaintiff failed to rebut Dow Lohnes' arguments;" (b) plaintiff's interpretation of Fed.R.Civ.P. 41(1)(A) is wrong; (c) "Rule 41(a)(1)(A) does not include any requirement that both actions be against the *same defendant;* it only states that it is based on or including the *same claim." See* Docket No. 56, pages 2 and 5. The Court agrees and briefly explains *albeit* on other grounds.

## Applicable Law and Discussion

### The motion for reconsideration standard.

Motions for reconsideration are generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure ("Fed. R.Civ.P."), depending on the time such motion is served. *Perez–Perez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 284 (1st Cir. 1993). It is settled that "[a] motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence **or advance arguments that could or should have been presented to the district court prior to the judgment.'** " (Emphasis ours). *Marks 3–Zet– Ernst Marks GmBh & Co. KG v. Presstek, Inc.,* 455 F.3d 7, 15–16 (1st Cir.2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. *Stan-*

*dard Quimica de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R.1999). In sum, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.'" *See Soto–Padró v. Public Buildings Authority, et al.*, 675 F.3d 1, *9 (1st Cir.2012) (citations omitted). The Court should also renew and reconsider whether it "patently misunderstood a party ... or has made an error not of reasoning by apprehension." *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC,* 521 F.3d 76, 82 (1st Cir.2008) (quoting *Sandoval Diaz v. Sandoval Orozco,* No. 01–1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)). *See also Mulero–Abreu, et al. v. Puerto Rico Police Department, et al.,* 675 F.3d 88, 94–95 (1st Cir.2012), authorizing reconsideration in cases of "manifest error of law."

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.,* 173 F.R.D. 275, 287 (D.Colo.1997); *Hatfield v. Board of County Commis. for Converse County,* 52 F.3d 858, 861 (10th Cir.1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), if it seeks to change the order or judgment issued. *Id.* **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly.'"** *Trabal Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d 258 (D.P.R.2002); *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir. 1990). **"In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."** (Emphasis ours). 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed.) (2012).

**"Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly."** *Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998). A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Dodge v. Susquehanna University,* 796 F.Supp. 829, 830 (M.D.Pa.1992). (Emphasis ours).

In *Dugdale, Inc. v. Alcatel–Lucent USA, Inc., et al.,* 2011 WL 3298504 (S.D.Indiana, August 11, 2011), the Court held:

**A motion to reconsider is appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant new facts have been discovered.** *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). **A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments.** *Caisse Nationale de Credit Agricole v. CBI Indus.,* 90 F.3d 1264, 1269 (7th Cir.1996). (Emphasis ours).

After a careful review of plaintiff's opposition to Dow Lohnes' motion for reconsideration, Docket No. 51, the Court infers that plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing to accept this Court's ruling. Plaintiff's clear intentions are carefully delineated in its opposition to Dow Lohnes' motion for reconsideration, *see* Docket No. 51. Hence, plaintiff does not have any intention of indeed terminate this litigation against the defendant Dow Lohnes and/or the United States by means of a voluntary dismissal without prejudice. By seeking a "voluntary dismissal," plaintiff seeks to obtain a dismissal without prejudice in order to close one door and open a new one. But, as stated in our *Opinion and Order* of March

5, 2012, Docket No. 36, page 13, "the bus stops here."

The critical documents to grant Dow Lohnes' reconsideration request, that is, the dismissal of the instant action with prejudice, are plaintiff's motions for consolidation, *see* Docket entries No. 23 and 28, wherein plaintiff moved the Court to consolidate the instant action with "related civil actions," Civil No. 96–1893 (JAF) and Civil No. 98–2225 (RLA/JAF). A review of the Court record shows that both Civil No. 96–1983 and Civil No. 98–2225 were consolidated and were decided on the merits by the Court. The record further shows that plaintiff Ruiz Rivera/Instituto de Educación Universal[1] appealed the judgments entered on the consolidated cases, Civil No. 96–1893 and 98–2225. The United States Court of Appeals for the First Circuit ("First Circuit") dismissed the appeal filed under Case No. 06–1562. *See Instituto de Educación Universal, Plaintiff, Appellant, Angel Ruiz Rivera, Plaintiff v. U.S. Department of Education, et al.,* Case No. 06–1562, Docket No. 102 of Civil No. 98–2225(JAF). (Emphasis ours). The *Mandate* entered by the First Circuit on May 23, 2008 in Case No. 06–1562, reads as follows:

> Appellant Instituto de Educacion Universal (IEU) appeals from the district court's denial of its motion for relief from judgment, filed under Fed.R.Civ.P. 60(b). After carefully considering the parties' briefs and the record, we can see no error in this ruling. First, and even assuming that the district court never considered the motion's merits, the motion would have had to have been denied since it merely rehashed the issues that the court already had resolved. *See United States v. One Rural Lot No. 10,356,* 238 F.3d 76, 78 (1st Cir. 2001) (per curiam) ("[a] motion for relief from judgment cannot be used merely to reargue a point already decided") (internal quotation marks and citation omitted). Second, all of IEU's appellate arguments

concerning why Rule 60(b) relief was warranted are, in reality, aimed at the *merits* of the petition for review. **It therefore is plain that IEU is attempting to use this pending appeal as "a surrogate for a seasonable appeal of the underlying judgment."** *See Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002). Appellant cannot do this. *Id.*
> *Summarily affirmed. See* Local Rule 27.0(c). (Emphasis ours).

Fed.R.Civ.P. 41(a)(1)(B) provides in its relevant part:

> Unless the notice [of dismissal] or stipulation states otherwise, the dismissal is without prejudice. **But if the plaintiff previously dismissed any federal—or state court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.** (Emphasis ours).

The record is clear that plaintiff's consolidation requests with Civil No. 96–1893 and Civil No. 98–2225, which are now final and unappealable, as they were decided on the merits by a federal court, and the appeals were also dismissed by the First Circuit, clearly meet the "two dismissal rule" provided by Fed.R.Civ.P. 41(a)(1)(B). **"The 'two dismissal' rule 'is not applicable unless the defendants are the same or substantially the same or in privity in both actions.'"** *American Cyanamid Company v. Capuano, et al.,* 381 F.3d 6, 17 (1st Cir.2004) (citations omitted). (Emphasis ours). *See also Garcia Monagas, et al. v. Garcia–Ramirez de Arellano, et al.,* 674 F.3d 45, 50 (1st Cir.2012); *Bolivar v. Pocklington,* 975 F.2d 28, 31 (1st Cir.1992); *Crowe v. Gogineni, et al.,* 2012 WL 6203124 (D.E.D.California (Dec. 12, 2012) 2012) (dismissal with prejudice; two-dismissal rule).

In *Evans v. Ohio Laborers Fringe Benefit Programs, et al.,* 2013 WL 526942, *3–*5 (N.D.Ohio (Feb. 11, 2013) 2013), and the collection of cases cited therein:

---

**1.** Plaintiff Ruiz Rivera was then the President of Instituto de Educación Universal and was a named plaintiff in the case appealed to the First Circuit, transcribed above, and the person that had initiated all the legal actions in this district, as well as other districts, including all the ap-

peals. According to the instant complaint, plaintiff undertook the services of Dow Lohnes to represent IEU, Mr. Ruiz Rivera as President of IEU, as well as "himself." *See Complaint,* Docket No. 1, page 2, ¶ 3.

The two-dismissal rule is somewhat of an outlier within the federal rules of practice. "The basic purpose of the Federal Rules is to administer justice through fair trial, not through summary dismissal as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 15 L.Ed.2d 807 (1996). "The 'two dismissal' rule is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim." *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir.1976). " 'Because of the ease with which a voluntary dismissal may be secured, courts have held that the two-dismissal rule was practically necessary to prevent an unreasonable use of dismissals.' " *Demsey v. Demsey*, 488 Fed.Appx. 1, 2 (6th Cir.2012) (quoting *Loubier v. Modern Acoustics*, 178 F.R.D. 17, 20 (D.Conn.1998)). **In particular, "Rule 41(a)(1)(B) 'was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure.' "** *Demsey v. Demsey*, 488 Fed.Appx. at 2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); *see* C. Wright, A. Miller, 9 *Federal Practice & Procedure: Civil 3d* § 2368, p. 567 (2008) (intent was to "prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice"). **Strictly speaking, "[t]he two dismissal rule does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action."** *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp.2d 1362, 1368 (S.D.Fla.2002); *see Manning v. South Carolina Dept. of Highway & Public Transportation*, 914 F.2d 44, 46 (4th Cir. 1990) ("Because a notice of a second dismissal by the plaintiff serves as an 'adjudication upon the merits,' the doctrine of res judicata applies."). Due to the preclusive effect of the rule, the Second Circuit has sensibly cautioned that "a court should be most careful not to construe or apply the exception too broadly" where the purpose behind the rule "would not appear to be served by its literal application." *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d at 1017.

**Although a defendant who was not actually named as party in prior actions may generally not invoke the two-dismissal rule, it has widely been recognized that "the rule may be applied to bar suit against a defendant who is substantially the same, or in privity, with a defendant named in the prior suits...."** M. Bender, 8 *Moore's Federal Practice* § 41.33[7][k], p. 41–103 (3d ed. 2012); *see* 9 *Federal Practice & Procedure: Civil 3d* at § 2368, p. 567 (recognizing same rule); *American Cyanamid Co. v. Capuano*, 381 F.3d 6, 17 (1st Cir.2004) (same) . . .

. . .

The concept of privity, however, is well known within the doctrine of *res judicata. Res judicata* works to bar a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior actions; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods., Co.*, 123 F.3d 877, 880 (6th Cir.1997) (emphasis in original). **Privity thus expresses the idea that "as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.... The statement that a person is bound by or has the benefit of a judgment as a privy is a short method of stating that under the**

circumstances and for the purpose of the case at hand he is bound by and entitled to the benefits" of *res judicata. Restatement (First) of Judgments,* § 83 (1942), comment a.

The Sixth Circuit has identified three distinct theories of privity. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 193 F.3d 415, 422 (6th Cir.1999). The first theory, not at issue here, is that those who are successors in interest to a party will be bound by a judgment against that party. *Id.* The second theory is that a nonparty who controlled the original suit will be bound by the resulting judgment. *Id.* To have control of the litigation "requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain review." *Id.* at 423 (internal quotations omitted). **Lastly, a nonparty who is adequately represented by a party will also be precluded from relitigating the same issues.** *Id.* at 422. **Adequate representation requires "an express or implied legal relationship in which parties to the first suit are accountable to nonparties who file a subsequent suit raising identical issues."** *Id.* at 423 (emphases in original; internal quotations omitted). (Emphasis ours).

In the instant case, the Court finds that dismissal with prejudice is warranted as both plaintiff and Dow Lohnes are privy in the prior civil actions which were adjudicated on the merits, and are now final and unappealable. Plaintiff simply cannot reopen cases that were adjudicated on the merits through a consolidation with the instant action, which has already been dismissed and wherein the only difference between the instant case and the closed cases is the defendants' names, however, the underlying causes of action and judgments are the same.

The Court further finds that to dismiss the instant case without prejudice will definitely entail unnecessary litigation which would be prejudicial to the defendants based on the doctrine of *res judicata* at both federal and state cases, as the elements are identical in both jurisdictions. *See Garcia–Monagas, et*

*al. v. Garcia–Ramirez de Arellano,* 674 F.3d 45 (1st Cir.2012); *In re Medical Educational & Health Services, Inc.,* 474 B.R. 44, 54 (D.P.R.2012) ("It is well settled law that the doctrines of *res judicata* and collateral estoppel under both federal and state court jurisprudence preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been entered" ... "The First Circuit has also indicated that *res judicata* operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well") (citing *Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24 (1st Cir.1998); *Apparel Art International, Inc. v. Amertex Enterprises Ltd.,* 48 F.3d 576 (1st Cir.1995)), quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 336, n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), *Westcott Const. v. Firemen's Fund of New Jersey,* 996 F.2d 14, 16 (1st Cir.1993) (quoting *Griffin v. State of R.I.,* 760 F.2d 359, 360 (1st Cir.1985)); *Federación de Maestros de Puerto Rico, et al. v. Acevedo–Vilá, et al.,* 545 F.Supp.2d 219, 226 (D.P.R.2008).

The Court notes that plaintiff's intention to continue pursuing all the prior claims through a consolidation with the instant action is clear from his opposition to Dow Lohnes' motion for reconsideration, *see* Docket No. 51. Moreover, the *Mandate* issued by the First Circuit under Case No. 06–1562, specifically bars Mr. Ruiz Rivera from doing it. **"It therefore is plain that IEU [and Angel Ruiz Rivera] is [are] attempting to use this pending appeal as 'a surrogate for a seasonable appeal of the underlying judgment.'** *See Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002). **Appellant cannot do this.** *Id.*" (Emphasis ours). *See Instituto de Educación Universal, Plaintiff, Appellant, Angel Ruiz Rivera, Plaintiff v. U.S. Department of Education, et al.,* Case No. 06–1562, Docket No. 102 of Civil No. 98–2225(JAF). (Emphasis ours).

Lastly, this is a legal malpractice suit brought by plaintiff Ruiz Rivera against Dow Lohnes, as counsel for appellant/plaintiffs, that is, IEU and Mr. Ruiz Rivera. *See Mandate* filed under Case No. 06–1562 from the First Circuit. The Court finds that the doctrine of *res judicata* is applicable in order to bar further litigation of the instant action and/or the filing of a new action for the same underlying claims that have been already adjudicated. In the instant case, the threshold of the four prong test of the doctrine of *res judicata* is met, as: (a) there is "a final decision on the merits by a court of competent jurisdiction" (*see Mandate* filed under Case No. 06–1562); (b) "a subsequent action between the same parties or their 'privies'" (*see Mandate* filed under Case No. 06–1562); (c) "an issue in the subsequent action which was litigated or which should have been litigated in the prior actions" (*see Opinion and Order* of March 5, 2012, Docket No. 36, as well as plaintiff's three motions moving the Court for voluntary dismissal without prejudice, Docket entries No. 16, 24, 29); (d) "an identity of the causes of action" (*see Mandate* filed under case No. 06–1562, and plaintiff's motions for consolidation filed in the instant case, Docket entries No. 23 and 28). *See also American Cyanamid Company v. Capuano, et al.,* 381 F.3d at 17; *Evans v. Ohio Laborers Fringe Benefit Programs, et al.,* 2013 WL 526942.

### A Final Note

The Court is again troubled by the tone used by plaintiff Ruiz Rivera in its opposition to the motion for reconsideration filed by Dow Lohnes. The language used by plaintiff "has required the court to expend unnecessary effort and time which has hindered the court's timely resolution of disputed matters for compliant parties in other cases." *Kettering v. Chaves,* 2008 WL 4877005, *18 (D.Colorado 2008 (November 12, 2008)). The drafting of this *Order* is the best example, as it shows the substantial time employed by the

Court in legal research and analysis to address the issues presented by plaintiff in his opposition to the motion for reconsideration filed by Dow Lohnes, which will ultimately translate in an unnecessary delay in the resolution of this case, as well as others.

Finally, the Court reminds Mr. Ruiz Rivera and counsel for the defendant Dow Lohnes of compliance with the sanctions imposed by the Court in its *Opinion and Order* of March 5, 2012, Docket No. 36, pages 13–14.

### Conclusion

For the reasons stated above, *Dow Lohnes' Motion For Reconsideration Of Court's Opinion And Order (Docket No. 36),* Docket No. 38, is granted. Hence, the instant action is hereby dismissed with prejudice.[2] An amended judgment is to be entered accordingly.

This *Order* shall be notified to the Clerk of the United States Court of Appeals for the First Circuit, and the First Circuit Docket Clerk for our district.

IT IS SO ORDERED.

---

2. "No precise formula governs a dismissal with prejudice. The decision largely hinges on the equities of the case, with due regard for the interest of both parties." *Sherrit v. United States,* 1997 WL 759610 (Fed.Cl. (Oct. 13, 1997) 1997), citing *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947);

*Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir.1976). "The grounds for dismissing with prejudice, however, fall generally into three broad categories: the burden on defendant of dismissal without prejudice, the progress of the litigation, and the diligence and good faith of the plaintiff." *Id.*