Grace Rodriguez TORRES,
et al., Plaintiff(s),

v.

Jaime Muniz GONZALEZ; Jose Madera Casiano; Puerto Rico Police Department; Pedro Toledo; Jose Figueroa Sancha; John Doe; Nancy Doe; Insurance Company A; Benjamin Rodriguez; Commonwealth of Puerto Rico, et al., Defendant(s).

Civil No.: 09–1886 (DRD).

United States District Court,
D. Puerto Rico.

Sept. 30, 2013.

Frank D. Inserni–Milam, Frank D. Inserni Law Office, San Juan, PR, for Plaintiffs.

Yadhira Ramirez–Toro, Department of Justice, San Juan, PR, for Defendants.

### ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are: (a) *Plaintiffs' Motion for Reconsideration of Court's Amended Opinion and Order* (*Docket No. 153*), Docket No. 154; (b) *Defendant's Response to Plaintiff's "Motion for Reconsideration,"* Docket No. 158, and (c) *Plaintiffs' reply to Defendant's Opposition to Motion for Reconsideration,* Docket No. 161. For the reasons set forth below, the motion for reconsideration filed by Plaintiffs is denied.

### Introduction

Plaintiffs Grace Rodríguez Torres on her own and on behalf of her daughters Alondra Lasalle–Rodríguez; Carolina Chacón–Rodríguez and Greisa Chacón Rodríguez ("Rodríguez" or "Plaintiffs"), filed the instant action on September 3, 2009 as a civil rights case under 42 U.S.C §§ 1983, 1985 42 U.S.C § 2000e–5(e)(1) and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A §§ 5141, 5142; Puerto Rico Law No. 17, 29 L.P.R.A §§ 155, et seq., Law No. 69, and 29 L.P.R.A § 146, against the Puerto Rico Police Department and several of its agents. *See Amended Opinion and Order Nunc Pro Tunc,* Docket. 153. On March 16, 2010, Plaintiff Grace Rodríguez filed a second amended complaint that established that she had complied with the "time limitations applicable necessary to bring this suit into court". *See* Docket No. 13, page 1. The Court refers to the factual and procedural background set forth in its *Amended Opinion and Order Nunc Pro Tunc* of September 30, 2012, Docket No. 153, to avoid reciting the same set of facts, as well as the chronology of administrative claims as set forth therein. *See Grace Rodríguez Torres et al. v. Jaime Muñiz Gonzalez,* 898 F.Supp.2d 433 (D.P.R.2012). In sum, on September 30, 2012, the instant case was dismissed with prejudice, on the grounds that the instant action is time-barred, as there was an interruption of the

term to sue and there was no exhaustion of EEOC remedies. Furthermore, a Title VII claim cannot be pursued under 42 U.S.C. § 1983.

### Procedural Background

On October 16, 2012 Plaintiffs moved the Court for reconsideration of the *Amended Opinion and Order Nunc Pro Tunc*, Docket No. 153, dismissing the instant case with prejudice, on the following grounds: (a) the motion for summary judgement was unopposed because there were other motions pending before the court; (b) the Court "has overlooked the allegations of the complaint and the second amended complaint which establish that all claims made are not time barred". *See* Docket No. 154, at page 10.

Defendants Jaime Muñiz Gonzalez, José Figueroa Sancha, Pedro Toledo, Benjamín Rodríguez, José Madera Casiano and Jaime Muñiz González ("Defendants") filed their response opposing Rodríguez' reconsideration request on November 9, 2012, Docket No. 158. Generally, Defendants opposed all the arguments raised by the Plaintiffs on the grounds that: (a) Plaintiffs failed to show that indeed Rodriguez filed a claim on March 8, 2008 with the Equal Employment Opportunity Commission ("EEOC") as there is no supporting evidence on the record to support Plaintiff's allegation; (b) Plaintiffs' arguments are merely a rehash of the allegations filed in the complaint and the amended complaint and (c) Plaintiffs' arguments failed to meet motion for reconsideration standard.

On November 20, 2012 Plaintiffs filed its *Reply to Defendants' Opposition to Motion for Reconsideration*, Docket No. 161. In sum, Plaintiffs reiterates the same arguments already stated in its motion for reconsideration, Docket No. 154. Plaintiffs allege that the Court was misinformed when the Defendants stated that co-defendant Jaime Muñiz González "did not have any personal contact with co-plaintiff Rodriguez after February 25, 2008" and that he "did not commit any other act of sexual harassment against plaintiff". *See* Docket No. 161, at page 2. Plaintiffs also submit documents that were already part of the record to restate Rodríguez' original argument that the complaint was "properly and timely filed". *Id.* Plaintiffs further allege that the basis used by this Court to determine the time and date constraints are not supported by the record and by the facts declared in both the original and amended complaint. *Id.* at page 10.

On November 29, 2012, Defendants filed a *Motion to Strike Reply to Response in Opposition*. *See* Docket No. 162. Defendants allege that Plaintiffs have just (a) "rehashed and repeated the same arguments that they previously made in part B of their motion for reconsideration" and (b) the reply was filed "with several documents in the Spanish language for which no leave was requested or an English translation was submitted". *Id.* at page 2. Hence, Defendants request that the motion should be stricken from the record since a "reply brief is not a proper vehicle to re-hash old arguments that have been made before". *Id.* The Court denies the motion for reconsideration and briefly explains the reasoning of the Court's determination.

### Applicable Law and Discussion

### The motion for reconsideration standard

Depending on the time that a Motion for reconsideration is served, it is generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), *Pérez–Pérez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.1993). It is settled that "[a] motion for reconsideration 'does not pro-

vide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment'". *Marks 3–Zet–Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15–16 (1st Cir. 2006). Thus, a motion for reconsideration **"cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court"**. (Emphasis ours). *Standard Química De Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R.1999). In summation, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.'" *See Soto–Padró v. Public Buildings Authority, et al.*, 675 F.3d 1, 9 (1st Cir.2012) (citations omitted). The Court should also reconsider whether it "patently misunderstood a party . . . or has made an error not of reasoning by apprehension." *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 82 (1st Cir.2008) (quoting *Sandoval Díaz v. Sandoval Orozco*, No. 01–1022, 2005 WL 1501672 at *2 (D.P.R. June 24, 2005) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990))). *See* also *Mulero–Abreu, et al. v. Puerto Rico Police Department, et al.*, 675 F.3d 88, 94–95 (1st Cir.2012), authorizing reconsideration in cases of "manifest error of law."

▮ The Federal Rules of Civil Procedure do not specifically provide rules for motion to reconsideration filing. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.*, 173 F.R.D. 275, 287 (D.Colo.1997); *Hatfield v. Board of County Commis. for Converse County*, 52 F.3d 858, 861 (10th Cir.1995). Nevertheless, under Fed.R.Civ.P. 59(e), any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment, if it seeks to change the order or judgment issued. *Id.* Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly.'" *Trabal Hernandez v. Sealand Services, Inc.*, 230 F.Supp.2d 258 (D.P.R.2002); *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990). **"In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."** (Emphasis ours). 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2810.1 (2d ed.) (2012).

▮ "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998). But, a district court may grant a party's motion for reconsideration when presented with one of these three situations: **(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.** *Dodge v. Susquehanna University*, 796 F.Supp. 829, 830 (M.D.Pa.1992). (Emphasis ours).

In *Dugdale, Inc. v. Alcatel–Lucent USA, Inc., et al.*, 2011 WL 3298504 (S.D.Indiana, August 11, 2011), the Court held:

A motion to reconsider is appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191

(7th Cir.1990). **A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments.** *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir.1996). (Emphasis ours).

After carefully reviewing Plaintiffs' *Motion for Reconsideration,* Docket No. 154, the Court infers that Plaintiffs' clear intention is to restate the arguments already resolved by the Court in the *Amended Opinion and Order Nunc Pro Tunc. See* Docket No. 153. The core of this case relies on whether or not the instant action is time-barred. Plaintiffs allege that they had filed a Motion in Compliance with five exhibits (Docket No. 134, exhibits 134–1 through 134–5) that prove that Rodríguez had "filed her complaint with the EEOC on March 3, 2008". *See* Docket 154, ¶ 6.

For a motion for reconsideration to be granted, the Court "recognizes only three possible grounds for any motion for reconsideration: (1) An intervening change in controlling law, (2) the availability of new evidence not previously available and (3) the need to correct a clear error of law". *See Dodge,* 796 F.Supp. 829, 830. *See also Rivera v. Meléndez,* 291 F.R.D. 21, 23 (D.P.R.2013) (When "plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing this Court's ruling"). In the instant case, Plaintiffs' Motion for Reconsideration does not come close to

meeting any of the valid grounds for relief of a Rule 59(e) motion. *Soto–Padró,* 675 F.3d at 9. Basically, Plaintiffs do not bring to our attention any intervening change in law; does not introduce new evidence unavailable at the time the motion for summary judgment was filed; and does not point out a clear legal error in our prior order subject to correction. Instead, Plaintiffs' motion simply protests various portions of the Court's earlier *Amended Opinion and Order Nunc Pro Tunc. See* Docket No. 154, ¶ 1–3. Moreover, the Court is not persuaded by Plaintiffs' arguments, particularly as to the reasons why Plaintiffs failed to oppose the summary judgment request knowingly.

■■■ As Defendants correctly point out, Plaintiffs "have not set forth a plausible basis for believing that the EEOC's attendance list and the charge of discrimination allegedly filed by Plaintiff Rodriguez sometime in March 2008 probably exists". *See* Docket 158, at page 6. Plaintiffs are simply restating that there was evidence that established that the complaint "was properly and timely filed". *See* Docket No. 161, at ¶ 4. The Court clarifies in its opinion that, as of that date, "the alleged claim filed by plaintiff with the EEOC on March 3, 2008, **has not been found,**" by plaintiff nor by the EEOC. *See* 898 F.Supp.2d at 436. (Emphasis ours)[1]. Plaintiffs based their arguments on evidence presented to the Court prior to the *Amended Order and Opinion Nunc Pro Tunc.* Plaintiffs have not presented new

---

**1.** The Court now adds that, as of the date of this writing, said evidence has not been produced to the Court. The Court further finds that the record is still devoid of any supporting evidence showing that the EEOC claim allegedly filed on March 3, 2008 was indeed filed. The record is also devoid of any supporting evidence showing that there was a mediation between the parties and/or corroboration of attendance of plaintiff to the EEOC offices. The Court reiterates the fact that the record does contain a self serving, undated and unsigned statement from plaintiff Grace Rodríguez to counsel Inserni. *See* Docket No. 134–1. As of today, plaintiff Grace Rodríguez has been unable to show otherwise or bring new evidence, such as the alleged EEOC claim filed on March 3, 2008 and/or any mediation or attendance duly corroborated by the EEOC.

evidence in support of the allegation that plaintiff Grace Rodríguez' indeed filed a claim with the EEOC on March 3, 2008. Plaintiffs have only brought forth the fact that "Sgt. Grace Rodríguez has formally alleged and stated under penalty of perjury that she filed her claim with the EEOC on March 3, 2008". See Docket No. 154, ¶ 22. This statement, on its own, is not enough to overturn the Court's decision. The argument in the new filing repeats and tracks the arguments that was already raised and rebuffed, and so the Court has no choice but to reject this recycled argument. *See Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir.2006) (denying relief because "motion for reconsideration did no more than reiterate the arguments (litigant) earlier had advanced").

### A Final Note

Plaintiffs' argument regarding the non-opposition to the Motion for Summary Judgment is not addressed simply because the complaint and the amended complaint were resolved on the merits. *See De La Vega v. San Juan Star*, 377 F.3d 111 (1st Cir.2004) as cited by *García–González v. Puig–Morales*, 814 F.Supp.2d 95, 97 (D.P.R.2011) ("Even when there is no opposition to a summary judgement, the Court must entertain the motion on the merits and may not grant the motion as a sanction for failure to file an opposition"). The unopposed *Motion for Summary Judgment* was not the central factor in the Court's decision. Even if the opposition had been presented in a timely manner, the Court's analysis would not have differed from the end result, as the alleged EEOC charge has not been found neither by plaintiff nor by the EEOC. Since Plaintiffs have failed to present an argument and/or evidence to warrant the overturning of the Court's analysis on the time-barred claims, the Court denies the *Motion for Reconsideration.*

### Conclusion

For the reasons stated above, Plaintiffs' *Motion for Reconsideration of Court's Amended Opinion and Order Nunc Pro Tunc (Docket No. 153)*, Docket No. 154, is denied.

IT IS SO ORDERED.