**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0016n.06
Filed: January 7, 2005

**No. 03-2437**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| WILLIAM PITTMAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MICHIGAN CORRECTIONS ORGANIZATION, | ) | MICHIGAN |
| SERVICE EMPLOYEES INTERNATIONAL | ) | |
| UNION, LOCAL 526, AFL-CIO; MICHIGAN | ) | |
| DEPARTMENT OF COMMUNITY HEALTH; | ) | |
| JANET OLSZEWSKI, Director, Michigan | ) | |
| Department of Community Health, in her official | ) | |
| capacity and as an individual; MICHIGAN CIVIL | ) | |
| SERVICE COMMISSION; SUSAN GRIMES | ) | |
| MUNSELL, JAMES P. PITZ, ROBERT P. | ) | |
| HUNTER, and SHERRY L. McMILLAN, | ) | |
| Commissioners, Michigan Civil Service | ) | |
| Commission, in their official capacities and as | ) | |
| individuals, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

**SILER, Circuit Judge.** Plaintiff William Pittman appeals the district court's dismissal of

his claims against the Michigan Corrections Organization ("MCO"), the Michigan Department of

Community Health ("DCH"), Janet Olszewski, Director of DCH, the Michigan Civil Service

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

No. 03-2437
Pittman v. Michigan Corrections Organization

Commission ("CSC"), and Susan Grimes Munsell, James P. Pitz, Robert P. Hunter, and Sherry L. McMillan, Commissioners of CSC. Pittman has asserted, *inter alia*, that the collective bargaining system established by the CSC was unconstitutional. The district court determined that Pittman's claims were barred by *res judicata* and imposed sanctions on Pittman's attorney, Robert Fitzke, ordering him never again to bring a case to that court involving the purported unconstitutionality of the CSC's collective bargaining system. For reasons stated hereafter, the district court's dismissal of Pittman's claims is AFFIRMED, and the case is REMANDED to the district court for modification of the sanction order.

**BACKGROUND**

Pittman was an employee of DCH, and he was assigned by CSC to MCO for collective bargaining purposes. Because he was dissatisfied with MCO's representation of him after his discharge by DCH, he filed an Unfair Labor Practice ("ULP") charge against MCO with CSC. At that time, Pittman argued that the collective bargaining system was unconstitutional. When his ULP charge was dismissed, he petitioned for review in a Michigan circuit court and again asserted that the collective bargaining system was unconstitutional. The circuit court affirmed the decision of the CSC. He applied for leave to appeal to the Michigan Court of Appeals, yet again arguing that system was unconstitutional. This application for leave to appeal was denied by the Michigan Court of Appeals for lack of merit. He did not appeal to the Michigan Supreme Court, but instead filed suit in the United States District Court for the Eastern District of Michigan.

In the district court action, Pittman asserted many of the same claims that were before the Michigan state courts. He alleged that the defendants had engaged in misrepresentation, fraud,

negligence, breach of contract, violation of due process, violation of equal protection, violation of free speech and freedom, and wrongful discharge. He requested a "declaratory judgment that the grievance and agency shop provisions in the so-called contracts 'negotiated' under the rules of the [CSC] are unconstitutional . . ." He also requested reinstatement, reimbursement for lost wages, benefits and interest, and to be made whole "and otherwise restore[d] . . . to the status he would have had had he not been wrongfully discharged."

MCO moved for sanctions against Fitzke, alleging that Fitzke had unsuccessfully asserted the same issues against MCO in six separate cases. The district court determined that Pittman's claims were barred by *res judicata* and imposed Rule 11 sanctions on Fitzke. The court ordered that Fitzke be "enjoined from bringing any further actions in the United States District court based on the theories alleged in this complaint regarding the purported unconstitutionality of the system of collective bargaining established by the [CSC]."

**ANALYSIS**

***Res Judicata***

A district court's dismissal based upon claim preclusion is reviewed *de novo* by this court. *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 743 (6th Cir. 2002). This court must look to Michigan's law on preclusion, because "[a] federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state." *Id*. at 744 (citing 28 U.S.C. § 1738; *Heyliger v. State Univ. and Comty. Coll. Sys.*, 126 F.3d 849, 851-52 (6th Cir. 1997)).

Michigan courts "employ broad application of claim preclusion." *Id*. at 747. Under Michigan law, the following three elements are required:

> (1) the first action must have resulted in a decision on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been raised in the first action through reasonable diligence of the parties; and (3) both actions must be between the same parties, or their privies.

*Id*. (citing *Sloan v. City of Madison Heights*, 389 N.W.2d 418, 422 (Mich. 1986)).

Pittman's state court actions resulted in decisions on the merits, and the issues presented in this case all either were or should have been raised in the state court actions. Pittman admits that constitutional issues in the present cases were raised in the Michigan state court proceedings. He asserts, however, that *res judicata* is inapplicable to bar these claims because the Michigan courts did not specifically address them. Pittman cites no authority, and we have found none, for his assertion that the state court's failure to address individually each of his issues means that they were "not decided" for purposes of *res judicata*.

Finally, both actions involve the same parties or their privies. Pittman was the plaintiff in both the state court action and the district court action. "Thus, the party against whom claim preclusion is being asserted was present in both suits." *Dubuc*, 312 F.3d at 751. In addition, MCO, CSC, and DCH also were parties in the previous action. Therefore, Pittman's claims against these parties are barred by *res judicata*.

The individual defendants, however, who were sued both in their official capacities and as individuals, were not parties in the previous action. "A government official sued in his or her official capacity is considered to be in privity with the government. Therefore . . . a prior judgment involving the government will bar an action against individual officers of the government in their official capacity for the same claim." *Crawford v. Chabot*, 202 F.R.D. 223, 227 (W.D. Mich. 1998)

(quoting Moore's Federal Practice 3d, § 131.40[3][e][ii]); s*ee also Sunshine Anthracite Coal Co.*

*v. Adkins*, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government

so that a judgment in a suit between a party and a representative of the United States is res judicata

in relitigation of the same issue between that party and another officer of the government."").

Because these individual defendants are in privity with DCH and CSC, which were both parties to

the previous action, Pittman's claims against these individuals in their official capacities also are

barred.

Strict claim preclusion does not apply to the individual defendants with respect to claims

against them in their individual capacities. Pittman, however, has not presented sufficient evidence

that actions by these parties in their non-official capacities would raise a colorable § 1983 claim.

"The Court should not allow [Pittman] to continue this repetitive litigation simply by finding some

. . . official that has not yet been sued, and trying to blame what he claims was systemic group

mistreatment of him on that one person individually." *Dubuc*, 312 F.3d at 751. Therefore, Pittman's

claims against the individual defendants in their individual capacities also were properly dismissed.

***Rule 11 Sanctions***

This court reviews "a district court's imposition of sanctions pursuant to Federal Rule of

Civil Procedure 11 for abuse of discretion." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936

(6th Cir. 2002). In the Sixth Circuit, "the test for imposition of Rule 11 sanctions is whether the

individual's conduct was reasonable under the circumstances." *Id*. at 939 (quotation omitted).

Fitzke was aware that the constitutional claims had been advanced in the state courts in Pittman's

prior actions. While he continues to maintain that these claims are not barred by *res judicata*, his

subjective belief will not prevent imposition of Rule 11 sanctions. *See Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2002) ("A good faith belief in the merits of a case is insufficient to avoid sanctions.") Therefore, the district court did not abuse its discretion in determining that Fitzke's conduct in this case was unreasonable and in imposing sanctions.

The order that prevents Fitzke from filing additional lawsuits to challenge the constitutionality of CSC's collective bargaining system, however, was overly broad. It is clear that Fitzke is not permitted to bring Pittman's case before the court again. Whether the court can bar Fitzke from ever challenging the constitutionality of CSC's system in the Eastern District of Michigan is less clear. Fitzke's arguments, though frequently asserted, do not yet appear to have been completely foreclosed by a court. Although it seems unlikely that Fitzke's theories are tenable, the district court appeared only to consider the particular circumstances of this case and to base sanctions upon Fitzke's failure to recognize that Pittman's claims were precluded. We therefore remand this case to the district court with instructions to modify this order to allow Fitzke to bring an action on these issues with prior certification from a magistrate judge, such as this court did in *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

**CONCLUSION**

The district court's grant of dismissal for the defendants is AFFIRMED. The district court's determination that sanctions against Fitzke were warranted in this case is AFFIRMED; however, the case is REMANDED to the district court for modification of the court's sanction order.