NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0800n.06

No. 12-2277

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 29, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JON JON'S INC., VICTORIA CERRITO, MASOUD SESI, NANCY HAKIM, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CITY OF WARREN, | ) ) | |
| Defendant-Appellee. | ) ) | |

BEFORE:  KEITH, WHITE, and STRANCH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiffs-Appellants Jon Jon's Inc., Victoria Cerrito, Masoud Sesi, and Nancy Hakim (collectively, "Plaintiffs") brought suit against the City of Warren, Michigan ("the City"), alleging that they were denied equal protection of the law and substantive due process on the basis of their race, that the City violated their right to free speech and association, and that it denied them substantive and procedural due process through its enforcement of a liquor-control statute.  The district court held that Plaintiffs' claims were barred by res judicata based on a decision of the Macomb County Circuit Court on appeal from the Zoning Board of Appeals ("ZBA") for the City.  Because the Michigan courts construed Plaintiffs' case solely as an appeal from the ZBA's decision and did not acknowledge or consider Plaintiffs' constitutional claims against the City, we REVERSE and REMAND for further proceedings.

**I.**

Jon Jon's Inc. ("Jon Jon's") is a "gentlemen's club" in Warren, Michigan. Victoria Cerrito has owned Jon Jon's for 25 years, but sold a portion of her business (9%) to Masoud Sesi on December 1, 2008. Sesi owns a "gentleman's club" in Detroit and has 20 years of experience in the adult-entertainment industry. Cerrito planned to renovate Jon Jon's and eventually sell the remainder of the business to Sesi. In April 2009, Cerrito obtained tentative approval from the Liquor Control Commission to sell the remainder of Jon Jon's stock to Sesi. However, final approval of the sale required approval of the Warren City Council.

Plaintiffs allege that City Councilman Mark Liss led a "racist smear campaign against Sesi" with the intent to bar the transfer of Jon Jon's to Sesi, by creating a website "catering to the most repugnant racial stereotypes" and suggesting that Sesi was involved in international sex trafficking. Plaintiffs allege that this activity was designed to incite anti-Arabic sentiment against Sesi and that Sesi withdrew his application from the City Council's consideration as a result.

Following Sesi's withdrawal, Cerrito decided to sell Jon Jon's to Nancy Hakim. Plaintiffs assert that the Warren City Police Department and the Liquor Control Commission investigated and approved Hakim on April 2, 2010, again necessitating the approval of the Warren City Council. After the City Council tabled the motion to approve the stock transfer three times, on April 27, 2010, a legal representative for Hakim assured the City Council that the transfer would eliminate Sesi as a minority shareholder of Jon Jon's. He further agreed to place a written restriction on the stock certificates stating that Sesi would never be a shareholder in Jon Jon's, and agreed that Hakim would

voluntarily relinquish her adult-entertainment permit if Sesi later became a shareholder in the company. Despite these concessions, the City Council rejected a motion to approve the transfer of Jon Jon's stock to Hakim. On June 7, 2010, Plaintiffs filed suit in Macomb County Circuit Court challenging the City Council's failure to approve the transfer of Jon Jon's stock; the City removed the case to the Eastern District of Michigan on June 24.

In late 2008 or early 2009, Jon Jon's had sought a zoning variance for the purposes of installing a walk-in cooler and increasing the roof height of the building. The requests were approved at a public hearing, and Jon Jon's began the renovations. The parties dispute whether zoning approval was obtained for all renovations. On August 18, 2010, the City's Chief Zoning Inspector informed Jon Jon's that it had lost its nonconforming use status due to the unapproved renovations. Jon Jon's appealed the decision to the Zoning Board of Appeals ("ZBA"), and on October 6, 2010, the City filed a state-court action in Macomb County Circuit Court, seeking a declaratory judgment that by making unauthorized changes to its nonconforming sexually-oriented business, Jon Jon's had extinguished its lawful nonconforming use zoning status. On November 12, 2010, Plaintiffs filed a counterclaim against the City, challenging the denial of Hakim's application and alleging the same violations of its constitutional rights that had been raised in the instant action. On January 5, 2011, the ZBA affirmed the Chief Zoning Inspector's decision. Plaintiffs amended their counterclaim to include an appeal of the ZBA's decision, and the Macomb County Circuit Court stayed discovery in the state court litigation pending the court's resolution of Jon Jon's appeal

of the ZBA decision.  The parties jointly moved to stay the instant federal action, and the district court issued a stay on June 2, 2011.

The Macomb County Circuit Court issued an opinion on February 23, 2012 affirming the ZBA's decision that Jon Jon's had lost its status as a nonconforming use.  The court recognized that the action was originally filed by the City for declaratory judgment, but noted that "[i]n light of the fact that the amended counter-complaint raises an appeal, *the Court deems it appropriate to consider this matter solely as an appeal and review it as such*.  The resolution of the appeal will dispose of all other issues/motions." (emphasis added).  The court found that:  "Jon Jon's, acting unilaterally, greatly expanded its construction project under the umbrella of limited variances.  The Court is not presented with a minor oversight; rather, the conduct complained of, and the degree of deviation by Jon Jon's, is substantial, intentional and flagrant[,]" and determined that Jon Jon's had lost its lawful nonconforming use status.  The court concluded its opinion by noting that "Jon Jon's has waived any additional constitutional arguments and the argument relative to alleged bias by failing to previously raise them," and issued an order closing the case.  Plaintiffs filed a timely claim of appeal in the Michigan Court of Appeals.

The Michigan Court of Appeals rejected the claim of appeal on the basis that an appeal from a circuit court's review of a ZBA's decision is by leave only.  *See* Mich. Ct. R. 7.203 (amended 2013).  Plaintiffs then filed an application for leave to appeal, arguing that the ZBA's decision was the product of a pattern of unconstitutional harassment by municipal officials directed at Plaintiffs. Plaintiffs framed their appeal as an appeal from the circuit court's review of the ZBA's decision, but

argued that the City's alleged discrimination in connection with their attempted liquor license transfer established a "good faith basis" for their accusation that the ZBA was biased as part of the City's pattern of discrimination against Plaintiffs. The Court of Appeals denied Plaintiffs' application for lack of merit on January 31, 2013.

In the meantime, following the entry of the Macomb County Circuit Court judgment affirming the ZBA, the City moved for summary judgment in the federal suit on May 5, 2012. The district court held that res judicata barred Plaintiffs' claims in federal court given that the state court issued a final decision on the merits, the federal suit was a subsequent action between the same parties, the issues in the federal suit had been raised in the state court action, and the causes of action were identical. This appeal follows.

## II.

"We review de novo a district court's application of the doctrine of res judicata." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). As the party moving for summary judgment, the City bears the burden of proving res judicata. *Id.* at 331. Michigan takes a broad view of res judicata that bars a subsequent action when: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (internal quotation marks omitted). "Res judicata bars not only claims already litigated, but also

every claim arising from the same transaction that the parties, exercising reasonable diligence, could

have raised but did not." *Id.* (internal quotation marks omitted).

Michigan circuit courts are empowered to review decisions by a ZBA:

Any party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located. The circuit court shall review the record and decision to ensure that the decision meets all of the following requirements:

(a) Complies with the constitution and laws of the state.

(b) Is based upon proper procedure.

(c) Is supported by competent, material, and substantial evidence on the record.

(d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals.

Mich. Comp. Laws § 125.3606(1). Plaintiffs argue that because the circuit court was acting as an

appellate court to the ZBA, it did not have jurisdiction to reach issues that were not considered by

the ZBA   including the constitutional claims raised by Plaintiffs. Plaintiffs argue that it was

impossible to bring their claims alleging a violation of their constitutional rights in connection with

the City Council's denial of approval of the transfer of Jon Jon's stock before the ZBA because the

ZBA is not granted jurisdiction to review liquor license denials. Further, because the circuit court

reviewed Plaintiffs' case solely as an appeal from the ZBA's decision, it lacked jurisdiction to decide

their constitutional claims.

Plaintiffs cite *Houdini Properties, LLC v. City of Romulus*, 743 N.W.2d 198 (Mich. 2008),

as support for their argument. In *Houdini*, the plaintiff acquired real estate that was zoned in a way

that prohibited the erection of billboards. *Id.* at 199 (Corrigan, J., dissenting).[1] The plaintiff challenged the designation before the ZBA, which denied his application for a variance. The plaintiff appealed the ZBA's decision to the circuit court and also filed a separate civil action in circuit court, seeking damages for alleged constitutional violations. The circuit court affirmed the ZBA's denial of a variance and then granted summary judgment to the City on the plaintiff's civil suit on the basis of res judicata. *Id.* at 199  200.

The Michigan Supreme Court held that a ZBA lacks jurisdiction to consider constitutional claims, and that because a circuit court reviewing a ZBA's decision is confined to the record and decision of the ZBA, the circuit court is similarly barred from ruling on constitutional issues presented in an appeal from a ZBA's decision. *Id.* at 198  99. Thus, res judicata does not apply to a plaintiff's constitutional claims arising from the same facts. *Id.* The court issued this ruling despite the fact that the plaintiff had argued its constitutional claims before the ZBA and the circuit court. *Id.* at 199  200. *See Whitmore Lake 23/LLC v. Ann Arbor Charter Twp.*, No. 294696, 2011 WL 1600507, at *5 (Mich. Ct. App. April 28, 2011) ("[T]he ZBA appeal and plaintiffs['] other circuit court claims proceeded, as they must, on separate tracks.") (per curiam) (unpublished).

The City attempts to distinguish *Houdini*, arguing that in *Houdini*, the state circuit court was not simultaneously confronted with both an administrative appeal from a ZBA and separately-pled counterclaims seeking relief on constitutional claims related to the administrative appeal at the same point in time. This, indeed, would be a crucial distinction had the Michigan courts treated Plaintiffs'

---

[1]The *Houdini* majority's decision does not contain any factual background.

case as involving an appeal and a separate civil counterclaim. Instead, the Macomb County Circuit Court stated that it was viewing "this matter *solely* as an appeal and review[ing] it as such." (emphasis added). So viewed, the circuit court was without jurisdiction to consider Plaintiffs' constitutional claims as part of Plaintiffs' appeal from the ZBA's decision.

Significantly, the Michigan Court of Appeals also construed Plaintiffs' case as involving *solely* the circuit court's review of the ZBA's decision, and rejected Plaintiffs' claim of appeal for lack of jurisdiction, citing Mich. Ct. R. 7.203, which states: "The court [of appeals] has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . except a judgment or order of the circuit court . . . on appeal from any other court or tribunal." *Id.* Thus, the Michigan Court of Appeals accepted the circuit court's statement that "*the Court deems it appropriate to consider this matter solely as an appeal and review it as such*" and treated the appeal as solely from the circuit court's appellate jurisdiction, and not also from the circuit court's disposition of Plaintiffs' other counterclaims. Plaintiffs' subsequent application for leave to appeal from the circuit court's review of the ZBA's decision was denied for lack of merit. If the Michigan Court of Appeals had considered Plaintiffs' case as involving both an appeal from the circuit court's review of the ZBA's decision and as an appeal from the circuit court's dismissal of Plaintiffs' constitutional claims, it could not have dismissed Plaintiffs' entire appeal for lack of jurisdiction because parties in Michigan have a right to appeal a final judgment or order of a circuit court, unless the judgment or order is from an appeal from another tribunal, such as the ZBA. *Id.* Thus, Plaintiffs' constitutional claims against the City were not adjudicated on the merits by the Macomb County Circuit Court, and the Michigan Court of Appeals did not recognize or consider

Plaintiffs' separate constitutional claims against the City. Because the Michigan courts would not treat the Macomb Circuit Court's decision affirming the ZBA as a res judicata bar to Plaintiffs' constitutional claims, the district court erred in dismissing Plaintiffs' constitutional claims on this basis.[2] *See Get Back Up, Inc. v. City of Detroit*, 878 F. Supp. 2d 794, 807 08 (E.D. Mich. 2012).

### III.

Accordingly, we REVERSE the district court's decision.

---

[2]The City argues that regardless whether the state court explicitly considered Plaintiffs' constitutional claims regarding the transfer of Jon Jon's liquor license, its determination that its opinion "resolves the last pending issue and closes the case" is entitled to res judicata. *See Pittman v. Mich. Corrs. Org.*, 123 F. App'x 637, 640 (6th Cir. 2005); *Sheppard v. Dist. of Columbia*, 791 F. Supp. 2d 1, 7 8 (D.D.C. 2011). The City also contends that to the extent Plaintiffs argue that the circuit court erred, an erroneous judgment by the state court does not prevent res judicata from operating. *Miller v. Nat'l City Bank of New York*, 166 F.2d 723, 726 (2d Cir. 1948).

However, as discussed above, *Houdini* makes clear that a decision on appeal from a ZBA does not operate as res judicata as to constitutional claims arising from the same factual circumstances, and the Michigan Court of Appeals construed Plaintiffs' appeal as arising solely from an appeal from the ZBA's decision. Thus, the circuit court did not issue a decision on the merits of Plaintiffs' constitutional claims, and the district court erred in concluding otherwise.